GEORGE W. HINCKLEY

*v.*

JOSEPH HORAZDOWSKY.

*Filed at Ottawa May 14, 1890.*

1. MASTER AND SERVANT—*taking the risks of the service—employment of a child—duty of the master.* The master is not liable to his minor servant for risks, if the latter has sufficient capacity to take care of himself, and knows and can properly appreciate the risk. The minor servant may recover from his master for injuries suffered from any peril the nature of which he did not know, or could not properly ap-

preciate if he did nominally know, and to which a prudent and right-minded master would not have allowed him to be exposed. ·

2. Where a child is employed, the employer must look out for the child, and must see that it is not exposed to danger, arising from the structure of building or machinery, which an operative of ordinary intelligence and experience would perceive. Notice of danger is not enough,—the child must have sufficient instructions to enable him to avoid danger.

3. SAME—*evidence on the question.* On the trial of an action brought by a minor servant against the master, to recover for a personal injury received while engaged in a dangerous service by the order of his foreman, the fact that the servant had done the same work for some time prior to the accident, and the number of times he had done so, are proper facts to be considered by the jury in determining whether or not it was negligence in the foreman to require the servant to continue to do so, and also for the purpose of determining whether or not the injury resulted from inexperience and want of judgment, or from his own negligence. But such proof is not conclusive against his right to recover.

4. SAME—*in the case of fellow-servants.* In a suit by a servant against his master, to recover for an injury caused by negligence of a fellow-servant, in order to defeat a recovery the master must not only show that the injury was caused by the negligence of the fellow-servant, but also that the master had used ordinary care and prudence in employing such fellow-servant. If the injured child was incapable of comprehending that risk, the rule exonerating the master from liability for the negligence of a fellow-servant does not apply.

5. APPEAL—*reviewing the facts—affirmance by Appellate Court.* Unless this court can see there is no evidence tending to support a material element of a case, it must accept the judgment of affirmance in the Appellate Court as settling the facts necessary to make out the plaintiff's case in his favor.

6. PRACTICE—*oral statement by the court—to the jury—as to facts admitted.* A statement by the court to the jury, that certain facts were admitted by the counsel, is in no sense an oral instruction to the jury, and will not constitute error, where no objection was made to it either as a statement of the agreement or as an oral instruction, and where the facts were not disputed.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. McKENZIE & WOOD, for the appellant:

An employe can not recover for an injury caused by the negligence or wrongdoing of a fellow-servant in the same line of employment. *Gartland* v. *Railway Co.* 67 Ill. 498; *Honner* v. *Railroad Co.* 15 id. 550; *Railroad Co.* v. *Cox*, 21 id. 23; *Railroad Co.* v. *Keefe*, 47 id. 108; *Railway Co.* v. *Britz*, 72 id. 256; *Railway Co.* v. *Troesch*, 68 id. 545; *Railroad Co.* v. *Keen*, 72 id. 512; *Railway Co.* v. *Durkin*, 76 id. 395; *Railroad Co.* v. *Rush*, 84 id. 571; *Valtez* v. *Railroad Co.* 85 id. 500; *Railway Co.* v. *Moranda*, 93 id. 302.

Without an agreement to that effect the instructions to the jury must be in writing. *Bates* v. *Ball*, 72 Ill. 108.

Appellee knew the service that was required of him, and accepted the risks of his employment. *Gartland* v. *Railway Co.* 67 Ill. 498; *McGinnis* v. *C. S. B. Co.* 8 Am. and Eng. Ry. Cas. 135.

Messrs. JONES & LUSK, for the appellee:

No objection was made to the remarks or statement of the court, or exception taken. *Mulliner* v. *Bronson*, 114 Ill. 510; *Martin* v. *Foulke*, id. 206.

The statement was not upon a disputed fact, but upon an admitted fact. Assuming a fact to be true which is not disputed, does not vitiate an instruction. *Skelly* v. *Boland*, 78 Ill. 438; *Cook* v. *Harms*, 108 id. 151; *Davis* v. *People*, 114 id. 86.

In determining whether a child has been guilty of contributory negligence, its age, intelligence and experience should be considered. *Railroad Co.* v. *Murray*, 71 Ill. 607; *Railroad Co.* v. *Jacobs*, 20 id. 478; *Railroad Co.* v. *Dewey*, 26 id. 258; *Railroad Co.* v. *Gladman*, 15 Wall. 408.

Persons dealing with children owe them a duty, arising out of their helplessness and want of judgment, that they do not owe to persons of mature years and judgment. The same

rule obtains as to persons of unsound judgment, from whatever cause arising. Shearman & Redfield on Negligence, secs. 49-51; *Robinson* v. *Cone*, 22 Vt. 213; *Mangan* v. *Brooklyn*, 38 N. Y. 455; *O'Mara* v. *Railroad Co.* id. 445; *Railroad Co.* v. *Dewey*, 26 Ill. 255; *Smith* v. *O'Connor*, 48 Pa. St. 218.

We hold it to be good law that it would be negligence, for which damages could be recovered, for a foreman to order a person of feeble intellect, although forty years old, to do dangerous work not embraced in his contract of service, if his imbecility was known to the foreman to be such as would make the work more hazardous.

Wharton, in his work on Negligence, (2d ed. sec. 859,) quoting from COCKBURN, C. J., in *Grizzel* v. *Frost*, 3 Fost. & Fin. 622, says: "If the owners of dangerous machinery, by their foreman, employ a young person about it, quite inexperienced in its use, either without proper directions, or with directions which are improper, and which are likely to lead to danger of which the young person is not aware and of which they are aware, as it is their duty to take reasonable care to avert such danger, they are responsible for any injury which may ensue from the use of such materials."

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an action on the case, by appellee, against appellant, and other defendants not served, to recover for a personal injury alleged to have been received by him through their negligence.

The declaration is of one count only, and avers that defendants were, on the 4th of July, 1886, the owners of, and operating, a planing mill in the city of Chicago, wherein they used and employed certain machines for planing wood, and said plaintiff, then a minor, of the age, to-wit, twelve years, was then and there employed and engaged by said defendants in and about their said business, and while so employed and

engaged, the plaintiff was then and there, by said defendants, negligently and improperly ordered and directed to attend to and oil one of the machines then and there used and operated, and being used and operated by said defendants, which said direction and order of said defendants was then and there dangerous and hazardous to this plaintiff, because of his tender age, as aforesaid, and well known so to be by said defendants, and while said plaintiff was engaged in attending to and oiling said machine, in obedience to said order and direction of said defendants, and using all due care and diligence, the arm of said plaintiff was caught, crushed and mangled in and by said machine, so that plaintiff is and will be a cripple for life because thereof, and deprived of the use of said arm. The plea was the general issue. Plaintiff below recovered a judgment for $3000 and costs, which the Appellate Court has affirmed.

It must be admitted, we think, that the declaration is rather an unusual one, and somewhat loosely drawn. It does not proceed upon the theory that the injury was received while plaintiff was performing labor outside of his contract of employment, although his counsel so treat it in their argument. The negligence complained of in the declaration is, that the defendants wrongfully ordered the plaintiff, he being a child, without experience in such matters, to oil a piece of machinery, the doing of which exposed him to great peril of life and limb. It is not the case, merely, of a minor being set at dangerous work, for in such cases the master is not liable for the risk, if the servant has sufficient capacity to take care of himself, and knows and can properly appreciate the risk. 1 Shearman & Redfield on Negligence, (4th ed.) sec. 218. It belongs to the other class of cases mentioned by the authors in the same section, of which it is said: "But while the mere fact of minority is deemed immaterial, it is well settled, in America at least, that any actual incapacity of a minor to understand and appreciate the perils to which he is exposed is to be fully con-

sidered, *and that he can recover from his master for injuries*
*suffered from any peril the nature of which he did not know, or*
*could not properly appreciate if he did nominally know, and to*
*which a prudent and right-minded master would not have allowed*
*him to be exposed.*" And says Wharton, in his work on Negli-
gence, (sec. 216): "Hence, we may hold, that where a child
is employed, the employer must look out for the child, and
must see that it is not exposed to danger arising from the
structure of building or machinery, which an operative of or-
dinary intelligence and experience would perceive. Notice of
danger is not enough. The child must have sufficient in-
structions to enable him to avoid danger." Many cases are
cited by both these authors in support of the text.

The rule is so just and humane, when applied to a case
clearly falling within its principles, that no court would hesi-
tate to enforce it as of first impression. Children of tender
years are often employed about factories in which are used
pieces of complicated and dangerous machinery. If one of
these is sent by the master or his superintendent, with or with-
out instructions, where he will be exposed to revolving wheels,
belts and pulleys, any one may know that, by reason of his
inexperience and immature judgment, he is liable to be killed
or maimed; and if he is injured, while using due care for one
of his capacity, it would seem too clear for argument that the
master should be held liable. To say that such a child takes
the risk of his employment,—that if he is not willing to take
the hazard of obeying the command he must refuse,—is idle,
if not cruel. By his inexperience he is unable to comprehend
the risk; by his childish instincts he implicitly obeys. Of the
existence of the rule, and its pre-eminent justice, there can be
no doubt. Does this case fall within it? This question, with
us, is not, does the evidence bring plaintiff clearly and satis-
factorily within the rule,—for unless we can say there is no
evidence tending to support a material element of the case, we
must accept the judgment of affirmance in the Appellate Court

as having settled the facts necessary to make out plaintiff's case, in his favor.

It is contended, however, that the evidence wholly fails to show that the foreman of defendants ordered the plaintiff to oil the machine by which he was hurt, and that the boy's own testimony proves the contrary. We do not so construe it. It certainly tends to prove that he was attempting to oil the machine because he had been told to do so by Joseph Knourek, the foreman. True, the foreman did not, at that moment, command him to do so; but he testified that he had general instructions from the foreman to attend to that duty when the machine needed oil, and his evidence at least tends to show that he was, at the time he received his injury, attempting to obey those instructions. It does not very clearly appear, from the evidence, how the injury was incurred. The knee, as we understand the evidence, was first caught by a revolving plate, and then the hand was drawn between the rollers; but just how the knee came in contact with the plate, or how the hand was brought between or within the rollers, does not appear. It is, however, shown by the boy's testimony, that in oiling the machine while in motion he was exposed to a running belt, and compelled to extend his arm over it. In other words, the effect of his evidence is, that to oil that machine while running was attended with danger. It is doubtless true, that the foreman, or other experienced person with mature judgment, could do so with comparative safety; but it is clear from the evidence, especially from the painful results, that it was hazardous for a child to attempt it. The fact that appellee had done that work for some time prior to the accident, and the number of times he had done so, were very proper facts to be considered by the jury in determining whether or not it was negligence in the foreman to require him to continue to do so, and also for the purpose of determining whether or not the injury resulted from inexperience and want of judgment, or from his own negligence; but such proof can not be held to be conclusive against

his right to recover. A child exposed to danger may escape for a time, but sooner or later an injury will in all probability occur.

The case of *Gartland* v. *Railway Co.* 67 Ill. 498, strenuously insisted upon as governing this case, is not in point. There the question was, whether a minor employe should be held bound by the rule which prevents a recovery from the common master for an injury resulting through the negligence of a fellow-servant. It was held that the mere fact that the plaintiff in that case was under twenty-one years of age, did not relieve him from the risk of negligence on the part of co-employes. Here it was a question of fact for the jury whether or not appellee was a child, within the rule stated.

It appears from an amended bill of exceptions, that on the trial the court stated to the jury: "It is admitted by and between counsel, that these defendants were owning and controlling the planing mill when the injury occurred, *and that this foreman was their foreman.*" It is said this statement amounted to an oral instruction as to the law of the case, and was therefore erroneous. It is not denied that the statement as to the ownership of the planing mill was authorized by a stipulation of counsel, but it is insisted that the further statement that the foreman was defendant's foreman was a conclusion which, if properly drawn from the stipulation, could only have been properly given to the jury in writing. In the first place, the statement was not, in any sense, an instruction to the jury. Again, it was made in open court, and no objection was made to it, either as a statement of the agreement or as an oral instruction. And, finally, it was immaterial. It was not denied on the trial that the foreman who gave the order complained of to appellee was the foreman of appellant. His own testimony shows it.

It is also insisted that the court below improperly refused the following instruction:

"If the jury believe, from the evidence, that the plaintiff was injured by following the direction or obeying the orders, or through the carelessness or by the fault, of his fellow-servant, Willie Knourek, then the plaintiff can not recover."

The reason why the common master is not held liable for an injury caused by the negligence of a fellow-servant is, because that is one of the ordinary risks of the employment. But if the injured employe is a child, incapable of comprehending that risk, the rule ought not to apply. However, this instruction does not announce the rule correctly as applied to fellow-servants generally. It not only assumes that Willie Knourek was a fellow-servant of appellee, but that the master had used due care in the selection and employment of him. The instruction attempts to set up an affirmative defense, and to make it available it was not only necessary to show that the injury was caused by the negligence of a fellow-servant, but also that the master had used ordinary care and prudence in employing such fellow-servant.

In the foregoing view of the law applicable to the facts of this case, the instructions given to the jury are not subject to the criticism made upon them, and in our opinion they are free from substantial error. We repeat, this is not the case merely of a *minor*, under twenty-one years of age, suing for an injury, but of a child, to whom the employer owed a special duty.

After a careful re-examination of this case, we have reached the conclusion that our former judgment of affirmance was right.

*Judgment affirmed.*