# Illinois Central Railroad Company v. Cornelius Reardon, Administrator of the Estate of Frank Reardon.

1. RAILROAD COMPANIES—*Negligence in Loading Timbers.*—It is negligence in a railroad company to load timbers upon flat cars without providing some means to prevent them from shifting about and over the end of the car.

2. ORDINARY CARE—*Age of Injured Person to be Considered.*—In determining whether a person was at the time of an injury received, so negligent of his own safety as to preclude a recovery, his age should be taken into consideration.

3. MINORS—*Employers of—Duty to Instruct.*—Where a minor is employed in an extra hazardous line of work it is the duty of the employer to see that he is properly instructed as to the perils of his position and guard him against the dangers incident thereto.

4. WITNESSES—*Administrator as Plaintiff, Competent.*—Where an administrator of a deceased person sues for damages occasioned by his death, he is a competent witness. The prohibition of the statute is against the party adverse to the administrator, not against the administrator.

**Memorandum.**—Action for damages. Death caused by negligence. In the Circuit Court of Jo Daviess County; the Hon. JAMES SHAW, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

R. H. McCLELLAN, attorney for appellant.

D. & T. J. and J. M. SHEEAN, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee, as administrator, to recover damages for the death of Frank Reardon, who was killed on the 15th of August, 1892, while coupling cars in appellant's yards at Freeport, Ill. There was a recovery for $2,300.

The switch yard, where the accident occurred, consists of several tracks built on a side hill and grade of over

twenty feet to the mile, so that unsecured cars in running from one end to the other of the yard would, from their own weight, attain considerable speed. Prior to the 13th of August, 1892, two engines and two crews attended to the switching in the yards. Each crew consisted of a foreman and two helpers. On the evening of the day mentioned, the foreman of each engine refused to go out with his engine because the crews had been reduced so as to give to each but one helper instead of two. Wm. J. Reardon, a brother of deceased, and one of the helpers, joined in the refusal. He and his foreman were thereupon discharged by the general yard master. The foreman of the other engine was then given a full crew. To make up his crew the deceased, Frank Reardon, then barely nineteen years of age, was employed as a helper. He worked that night, the night following, and while in the performance of his duties on the third night met with the accident that caused his death.

On the morning of the day on which the deceased was killed there came into the Freeport yards a car load of assorted timbers. The timbers were company material and were loaded on a coal car without means of preventing the timbers from shifting. The load had shifted over one end of the car onto the caboose to which it was attached and was detained in the yards for reloading. During the day the car was reloaded and turned back into service. No means were used to prevent the timbers from again shifting, however. In handling the car that evening the timbers again shifted and extended over the end of the car, making the operation of coupling onto another car extremely dangerous. While the car was in this condition standing still upon the track deceased attempted to couple it onto some cars which were kicked up against it. He was on the cars being kicked up the track and when approaching the other car he jumped off and ran in to make the coupling. He was caught by the projecting timbers and killed.

We think the dangerous condition in which the timbers were on the car furnished sufficient proof of negligence to

make appellant liable. The car inspector knew that the car was put out for the reason that it was unsafe to haul it and to enable it to be reloaded. When reloaded, some means should have been adopted to prevent the lumber from shifting.

It is insisted, however, that the deceased was himself guilty of such negligence as to preclude a recovery; that when the accident happened it was broad daylight; that the dangerous condition of the car was clearly apparent, and that to rush in ahead of the moving cars was, under the circumstances, the height of recklessness.

In determining whether the deceased was at the time so negligent of his own safety as to preclude a recovery his age should be taken into consideration. A boy barely nineteen years of age would not be expected to exercise that precaution usually exercised by one of mature years. Where a minor is employed in an extra hazardous line of work it is the duty of the employer to see that the minor is properly instructed as to the perils of his position and guard him against the dangers incident thereto. Hinckley v. Horazdowsky, 133 Ill. 359; Brick Co. v. Reinneiger, 140 Ill. 334.

It is claimed, however, that appellee is estopped from invoking the aid of that rule of law because the deceased long before the day of the accident sought employment of appellant and represented that he was about the age of twenty-one years. He then worked several weeks as a brakeman. It does not appear that he made any representations when employed on the 13th of August, 1892, as a helper in the switching crew. Although there is some conflict in the evidence upon this point, it sufficiently appears from the proof that the yard master, within a very short time after the employment of deceased, and on the same evening, was notified by the brother of deceased that he was a minor. But independent of the question of deceased's age, we do not think we would be warranted in setting aside the finding upon the ground that he was guilty of such contributory negligence as to preclude a right of recovery. He was going

toward the car rapidly and without good opportunity to see that the timber projected so far over as to prevent his making the coupling in a standing position, and under the circumstances was compelled to act in great haste.

It is contended that appellee, being the administrator, was not a competent witness and that the refusal of the court to sustain an objection to his testimony is reversible error. The prohibition of the statute is against the party adverse to the administrator, executor, heir or devisee of a deceased person, not against the administrator, executor, heir or devisee.

We see no substantial objection to the instructions given to the jury, nor to the action of the court in refusing instructions asked.

We do not think the amount of damages awarded are excessive. Judgment affirmed.