## Nelson Manufacturing Co. v. Otto Stoltzenburg, by His Next Friend.

1. MASTER AND SERVANT—*Extraordinary Risks Not Assumed.*—A
servant assumes the ordinary risks incident to his service only, and not
those which are extraordinary.

2. SAME—*Risks of the Employment Assumed by Minors.*—The rule of
law as to the assumption of the risks of an employment, applies to

minors who have the intelligence and experience to understand and appreciate danger, the same as to adults.

3. Same—*Character of Machinery to be Furnished.*—The law does not require the master to furnish absolutely safe machinery. If it is reasonably so, it is sufficient.

4. Same—*Obeying Orders of the Master.*—A master who knows of the dangerous character of an act, and orders a servant to perform it in a manner which is dangerous, especially if the servant is inexperienced in the matter, or the risk not patent, without warning him, is liable if injury ensues.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. Benjamin R. Burroughs, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

Hadley & Burton and Seneca N. Taylor, attorneys for appellant, contended that when an employment is attended with danger a servant engaged in it assumes the hazard of the ordinary perils which are incident to it, and if he receives an injury from an accident which is an ordinary peril of the service undertaken by him, he can not recover damages for such injury. Clark v. C., B. & Q. R. R. Co., 92 Ill. 45; Mo. Fur. Co. v. Abend, 107 Ill. 44; Herdman-Harrison Milling Co. v. Spehr, 145 Ill. 329.

The same general rule applies when the contract of employment is made with a minor. Gartland v. Toledo, etc., R. Co., 67 Ill. 498; Chicago Anderson Pressed Brick Co. v. Reinneiger, 140 Ill. 337.

Especially is this true when he has sufficient intelligence and experience to understand and appreciate the dangers of the employment. Chicago Anderson Pressed Brick Co. v. Reinneiger, 140 Ill. 337; Herdman-Harrison Milling Co. v. Spehr, 145 Ill. 329; Hinckley v. Horazdowsky, 133 Ill. 359; Ciriack v. Merchants Woolen Co., 146 Mass. 182; Williams v. Churchill, 137 Mass. 243; McGinnis v. Canada, etc., Bridge Co., 49 Mich. 466; Gilbert v. Guild, 144 Mass. 601.

The machinery is not required to be the best or of the most approved kind, or to be absolutely safe. If it be of an ordinary character and reasonably safe, it is all that can be required from the employer. C., R. I. & P. R. R. Co. v.

Lonergan, 118 Ill. 41; Weber Wagon Co. v. Kehl, 139 Ill. 644; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417.

A servant can not recover for an injury merely on the ground that there was a safer mode in which the business might have been conducted, the adoption of which would have prevented the injury. C. A. P. B. Co. v. Sobkowiak, 38 App. 537; Simmons v. C. & T. R. R. Co., 110 Ill. 347.

It is established by the evidence that appellee assisted in the construction of the machine in question, was perfectly familiar with it, and, under the authorities, if a servant knows, or has equal opportunity with the master to know of defects in the machinery, he can not recover for an injury resulting to him from its use. Goldie v. Werner, 151 Ill. 551; East St. L. Ice & C. S. Co. v. Crow, 39 N. E. Rep. 589; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; Simmons v. Chi. & T. R. R. Co., 110 Ill. 341; Penn. Co. v. Lynch, 90 Ill. 336; C., R. I. & P. R. R. Co. v. Clark, 11 Brad. 104; E. St. L. Packing & Provision Co. v. McElroy, 29 Ill. App. 504; Stephenson v. Duncan, 73 Wis. 406; Tuttle v. Detroit G. H. & M. Ry. Co., 122 U. S. 195; Atlas Engine Works v. Randall, 100 Ind. 293.

And this rule applies where the servant is directed to do more dangerous work outside of the scope of his employment. He must either take the risk or decline to perform the service. Con. Coal Co. v. Haenni, 146 Ill. 625; Mo. Fur. Co. v. Abend, 107 Ill. 44.

If a servant, of ordinary intelligence, undertakes, although unwillingly, and for fear of dismissal, duties of greater danger than contemplated by the contract of service, knowing their dangerous character, and is injured, the master is not liable. 14 Am. & Eng. Ency. of Law, 858, 859; Sweeney v. Berlin Eng. Co., 101 N. Y. 520; Williams v. Churchill, 137 Mass. 243; Leary v. Boston R. R. Co., 139 Mass. 580; Prentiss v. Kent Fur. Mfg. Co., 63 Mich. 478; C. A. P. B. Co. v. Sobkowiak, 38 Ill. App. 531.

The law will imply notice of those things which it was the servant's duty to observe, and with which he had an opportunity to become acquainted. A. T. & S. F. R. R. Co. v.

Alsdorf, 47 Ill. App. 200; I. B. & W. R. R. Co. v. Flannigan, 77 Ill. 36; C. & E. I. R. R. Co. v. Geary, 110 Ill. 383; St. L. & S. E. Ry. Co. v. Britz, 72 Ill. 261.

To enable the plaintiff to recover on the ground of a defective machine the burden of proof is on him to establish (1) that the machine was defective; (2) that appellant had notice of such defect or knowledge, or ought to have had; and (3) that appellee did not know of the defect, and had not equal means of knowing with appellant. Goldie et al. v. Werner, 151 Ill. 556.

TRAVOUS & WARNOCK, with C. P. & J. D. JOHNSON, attorneys for appellee, contended that he assumed only the ordinary and obvious risks attending his employment. Dangers not incidental to his employment or not known or not fully understood by him were not assumed. Libby et al. v. Scherman, 146 Ill. 540; Fitzgerald v. Conn. River P. Co., 31 Am. St. R. 537 and note; Parkinson Sugar Co. v. Riley, 34 Am. St. R. 123 and note; Gates v. State, 128 N. Y. 222.

It was appellant's duty to provide reasonably safe machinery and appliances for the use of its servant. It is held to a degree of care in this regard commensurate with the probable consequences of neglect. For failure in this respect appellant is liable. T. W. & W. Ry. Co. v. Fredericks, 71 Ill. 295; Tudor Iron Works v. Weber, 31 Ill. App. 306; Drop Forge & Foundry Co. v. Van Dam, 149 Ill. 337.

As appellee did not have equal knowledge with appellant in regard to the dangerous character of the work he was ordered to do, it was appellant's duty, before exposing him to the danger, to at least have directed and warned him. Harris v. Shebek, 151 Ill. 287; Consolidated Coal Co. v. Haenni, 146 Ill. 626; Consolidated Coal Co. v. Wombacher, 134 Ill. 57.

Appellee having received his injuries in consequence of an increased risk, not originally incident to his employment, to which he was exposed by order of appellant, it is for appellant to show that he knew and fully understood such increased risk. Nadau v. White River Lumber Co.,

76 Wis. 120; Swoboda v. Ward, 40 Mich. 420; Rummell v. Dilworth, 111 Pa. St. 343; Union Pacific R. R. Co. v. Fort, 17 Wall. 553.

Appellant having ordered appellee to perform work extra hazardous, knowing he was lacking in necessary skill and knowledge, is answerable for the consequences. Lalor v. C., B. & Q. R. R. Co., 52 Ill. 401; C. & N. W. Ry. Co. v Johnson, 27 Ill. App. 351; Chicago Anderson Pressed Brick Co. v. Sobkowiak, 34 Ill. App. 312; 148 Ill. 573.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee brought this suit to recover damages for a personal injury alleged to have been caused by the negligence of appellant, and obtained judgment, from which this appeal was taken. It appears that on the 13th day of March, 1894, while attempting to place a belt on a pulley on a six-saw wood-cutting machine, then being tested by appellant, appellee got his left hand against the saws and it was cut off. The business of appellant was that of constructing wood-working machinery principally. The appellee was an apprentice in the iron or machinist's department, where all the metal portion of the machines was made. There was also a mechanic's, or wood department, where the framework of the machines was prepared. He had been in appellant's employ some two years before the accident, had made good progress in his trade, and was regarded as a bright young man. The appellant had manufactured a new machine, with six circular saws, instead of three saws, for the purpose of cutting wood into narrow strips. This new machine was like the other machines that had been made, except in the additional center shaft that ran beneath the saws, on which there was a pulley, which came within three and three-eighths inches of the saws. This machine on which appellee was injured had been set up in the department where appellee was working and within about twenty feet of his bench. He had made some of the iron portion of the machine, so that he was reasonably familiar with its general construction. He had also oiled some portions of it.

The machine had been operated there for several hours the day before the accident, for the purpose of testing it before sending it out. It worked satisfactorily in dry wood, but with wet wood it choked and the belts flew off. The superintendent and the vice-president of appellant were present at the test. When the belt slipped off the superintendent called appellee from his place to put on the belt while the machine was in motion driving the saws. There is some dispute whether the belt on the pulley close to the saws, or on the pulley about a foot away from the saws, was off, and which appellee was directed to put on.

The jury might well find under the evidence, that it was the belt on the pulley close to the saws, within three and three-eighths inches. While appellee was so attempting to comply with the directions of the superintendent, his left hand came in contact with the saws and was cut off. The negligence charged against appellant, first, is in the improper construction of the machine, in placing the pulley so near the saws; second, in directing the appellee, who was a minor, and alleged to be inexperienced in such work, to put on the belt while the machine was in motion, when it was so near the saws, without giving him instructions, or warning him of the danger; third, in the superintendent throwing, at the same time, a belt from the top of another pulley in such an improper manner as to cause the pulley at which appellee was working to suddenly and unexpectedly revolve, which caused him to throw his hand against the teeth of the saws.

The law applicable to this case is well settled. A servant assumes the hazard of all the ordinary parts of the service, or takes upon himself the risks incident to the undertaking. Clark v. C., B. & Q. R. R. Co., 92 Ill. 45; Herdman-Harrison Milling Co. v. Spehr, 145 Ill. 329. But not those which are extraordinary. Libby v. Scherman, 146 Ill. 553. The same rule applies to a minor, who has the intelligence and experience to understand and appreciate the danger. C. A. P. B. Co. v. Reinneiger, 140 Ill. 337; Hinckley v. Horazdowsky, 133 Ill. 359. The machinery is not required to be absolutely safe. If it is reasonably safe the law is satisfied.

Weber Wagon Co. v. Kehl, 139 Ill. 644; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417. It must not, however, be so constructed that the slightest indiscretion on the part of the servant will prove fatal. T., W. & W. Ry. Co. v. Fredericks, 71 Ill. 296. Nor must the master, who knows the dangerous character of an act, order the servant to perform it in a manner that is dangerous (Drop Forge & Foundry Co. v. Van Dam, 149 Ill. 341; C. A. P. L. Co. v. Sobkowiak, 34 Ill. App. 319), especially if the servant is inexperienced in that matter (Consolidated Coal Co. v. Haenni, 146 Ill. 626), or the risk is not patent, without warning him. Same Co. v. Wanbaeker, 134 Ill. 66; Harris v. Shebek, 151 Ill. 287.

In this case the appellee was of that age, discretion and judgment that he could appreciate and understand the ordinary perils of the service which he was employed to perform. The act he was directed to perform, however, at the time of his injury, was extra hazardous in the manner in which it was required, which must have been known to the superintendent, and was not known, or at least so well known, to the appellee. No one, however skillful or experienced, should have been required to place the belt on the pulley so near the saws while the machine was in motion. Several witnesses testify that it was dangerous to do so. The saws revolved 2,200 times per minute, which was so rapid as to obscure the teeth of the saws, and a servant, hastening to obey an order of the superintendent, might not see the bluish circle they made, and thereby be misled into thinking the teeth were further removed than they really were. The evidence shows the appellee was not accustomed to working with rapidly moving machinery, but that the movement of the machinery in his department was slow. It also shows he was not warned of the danger in the act he was required to perform.

The questions presented as to the introduction of evidence and the instructions have been examined and no substantial error is observed. A fair trial was had, and the judgment is affirmed.