THE HERDMAN-HARRISON MILLING COMPANY

*v.*

LOUIS SPEHR, by His Next Friend, etc.

*Filed at Springfield, April 3, 1893.*

1. MASTER AND SERVANT—*hazard assumed by servant.* As between employer and employé the latter assumes all the usual known dangers incident to the employment or service; and he also takes upon himself the hazard of the use of defective tools and machinery, if after his employment he knows of the defect, but voluntarily continues in the employment without objection.

2. SAME—*inexperienced employé in hazardous employment—duty of master.* It is well settled that this general rule does not apply to em-

ployés, who from youth, or want of the natural faculties, are unable to appreciate the danger incident to the employment, or which may result from the continued use of defective machinery or tools; such employés are entitled at the hands of their employers to instructions as to the danger, and how to avoid it. In other words, they are entitled to be put into possession of that knowledge which to adults comes from experience and mature judgment.

3. SAME—*failure of master to give notice of danger.* The failure of the employer to give notice of the danger and to give instructions, will not necessarily make him liable, because if it is shown that the employé had obtained such knowledge from experience or other source, before the injury, that will be sufficient. When such knowledge is shown, then he stands on the same footing as other employés.

4. If an employé, a boy of sufficient age, and intelligence and discretion, to understand and appreciate the risk to which he is exposed, is informed of the danger and nature of the work in which he is employed, then he must be held to have assumed the ordinary hazards and perils of such employment, and he can not recover for an injury which is the result of the ordinary peril and danger of his employment.

5. SAME—*instruction as to liability of master.* In an action by a servant, a minor, against his employer, to recover for a personal injury received while in the discharge of his service, the proof showing him to have been in the same employment for eighteen months before the injury, an instruction which ignores entirely the question as to whether the plaintiff assumed the hazard of his employment, and requires the jury to find for him, even though they may believe from the evidence that he had all the intelligence and information, and as fully appreciated the danger to which he was exposed, as would a man of mature years, under like circumstances, should be refused.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of Christian County; the Hon. JACOB FOUKE, Judge, presiding.

Messrs. PALMERS & SHUTT and Messrs. RICKS & CREIGHTON, for the appellant:

When a servant continues in his employment, knowing the dangers of the service, he can not after an injury complain that the dangers might have been lessened by the master. *Sullivan* v. *India Manuf. Co.,* 113 Ill. 396; *Combs* v. *New Bedford Cordage Co.,* 102 id. 596.

If a boy employed in a factory, where dangerous machinery is in use, is of sufficient age, intelligence and discretion to understand and appreciate the risk to which he is exposed, and if he is informed of the dangerous nature of the work, he will be deemed to have assumed the ordinary hazards and perils of the employment, and can not recover for an injury which is the result of that peril and danger. *Chicago Pressed Brick Co.* v. *Reinneger,* 140 Ill. 344; *Hinckley* v. *Herazdowsky,* 133 id. 359.

It is a general rule that when a contract of employment is made with a minor, he assumes the ordinary hazards of such employment, the same as an adult.  *Gartland* v. *R. R. Co.,* 67 Ill. 498.

Messrs. McCaskill & Son and Mr. John G. Drennan, for the appellee:

As to the liability of a master to his servant for a personal injury arising from the use of dangerous machinery, cited *McCormick Machine Co.* v. *Durant,* 136 Ill. 177; *Hinckley* v. *Herazdowsky,* 133 id. 363.

Mr. Justice Wilkin delivered the opinion of the court:

This suit is by appellee, against appellant, to recover damages for a personal injury, alleged to have been received through its negligence.  A trial in the Circuit Court of Christian county resulted in a verdict and judgment for the plaintiff, for $2,250, and costs of suit.  This is an appeal from a judgment of the Appellate Court, affirming the judgment of the Circuit Court.  But one ground of reversal is now insisted upon, and that is the giving of the following instruction at the instance of the plaintiff below, viz:

"If a preponderance of the evidence shows that the defendant, by its agent, employed the plaintiff to sweep the mill and oil the same, including the machinery known as differential gear, while it was in motion; that the said differential gear when uncovered and in motion was dangerous;

that the defendant or its servants negligently or carelessly allowed the same to be and remain uncovered or unprotected, so that it was dangerous to plaintiff while he was pursuing his employment in the exercise of reasonable care and prudence, considering his age and experience, as shown by the evidence; that while plaintiff was in the performance of his employment, sweeping said differential gearing, using reasonable care and prudence in so doing, considering his age and experience, as shown by the evidence, the broom with which plaintiff was sweeping the same became caught in said gear, and the hand of plaintiff was pulled or jerked into said gear, and so crushed and broken that the plaintiff's hand was necessarily amputated, to the damage of plaintiff, you will find for the plaintiff and assess his damage at such sum as you may find and fix, not exceeding ten thousand dollars.''

Counsel for the respective parties file new briefs and arguments in this court, and also those used in the court below, from which it appears that the point now insisted upon, though covered by the assignment of errors, was not insisted upon in the Appellate Court.

There are several counts in the declaration, but they each in substance make the same statement of plaintiff's cause of action, to the effect that the defendant, at and for a year prior to the alleged injury, owned and was operating a flouring mill, a part of the machinery of which was a differential gear, which was, ''while in motion, dangerous and hazardous to all persons employed about the same,'' which the defendant knew, whereby it became the duty of defendant to keep the same covered, which it failed to do; that the plaintiff, on the 16th day of April, 1888, and for a year prior thereto, was employed by the defendant in said mill, and with said differential gear, his duties in that behalf being sweeping and oiling the same, while the same was in motion, when the same was necessary, ''the plaintiff being then and there a minor of tender years, to-wit: of

the age of seventeen years, inexperienced, and unaware of the great danger of said differential gear while the same was in motion.'' It is then alleged that on said day, while engaged in his said duties, using due care, ''said differential gear, being then and there uncovered and unprotected, the plaintiff being unaware of the great danger of the differential gear while so in motion, the broom with which the plaintiff was then and there sweeping in and about said differential gear became and was caught,'' etc. The manner in which plaintiff's left hand was caught and mangled is then set forth.

The objection urged to the foregoing instruction is, that it directs the jury to find for the plaintiff, without proof of his allegation that he was ignorant of the danger to which he was exposed.

If plaintiff had been an adult, with unimpaired natural faculties, he would unquestionably, on the case made, be held to have assumed the risk of his employment, with the machinery uncovered as it was, when he entered the service of appellant. It is not claimed that the danger to which he was exposed, by reason of the gear being left uncovered, was not patent to every one of ordinary intelligence and experience. It is alleged in the declaration that, for a year prior to the injury, plaintiff had been in the same employment, the machinery remaining in the same condition. He testified that he had been so employed for a year and a half.

That, as between employer and employé, the latter assumes all the usual known dangers incident to the employment, and that he also takes upon himself the hazard of the use of defective tools and machinery, if, after his employment, he knows of the defect, but voluntarily continues in the employment without objection, are familiar rules of law, often recognized by the decisions of this and other courts.

That this general rule does not apply to employés who, from youth or want of the natural faculties, are unable to appreciate the danger incident to the employment, or which may result from the continued use of defective machinery or tools, is equally well settled. Such employés are entitled, at the hands of their employers, to instructions as to the danger, and how to avoid it. In other words, they are entitled to be put in possession of that knowledge which, to adults, comes from experience and mature judgment. 2nd Thompson on Negligence, 978; Deering on Negligence, sec. 197; Wood on Master and Servant, sec. 350.

Many of the cases sustaining this view are cited in the case of *Jones* v. *Florence Mining Co.*, 66 Wis. 268; 57 *Am. Rep.*, 269. In *Sullivan* v. *India M. Co.*, 113 Mass. 396, it is held that the failure of the employer to give notice of the danger and instructions, will not necessarily make him liable, because if it is shown that the employé had obtained such knowledge from experience or other sources before the injury, that will be sufficient. And the cases all hold that when such knowledge is shown, then he stands on the same footing as other employés, and so we held the law to be, that a boy "of sufficient age, intelligence, and discretion, to understand and appreciate the risk to which he is exposed, and if he is informed of the danger and nature of the work in which he is employed, then he must be held to have assumed the ordinary hazards and perils of such employment, and can not recover for an injury which is the result of the ordinary peril and danger of his employment." *Chicago Anderson Pressed Brick Co.* v. *Reinneiger*, 140 Ill. 334.

The declaration in this case was doubtless drawn with reference to these principles of law, the pleader appreciating the fact that, in order to take plaintiff's case out of the general rule, which holds him to have assumed the hazard of his employment, he would be compelled to show that he was ignorant of the perils to which he was ex-

posed; and hence the averment, "the plaintiff being then and there a minor, etc., inexperienced, and unaware of the great danger," etc.

The foregoing instruction ignores entirely the question as to whether plaintiff assumed the hazard of his employment.   Under it the jury was required to find for the plaintiff, even though they may have believed from the evidence that he had all the intelligence and information of a man of maturest judgment, under like circumstances, and as fully appreciated the danger to which he was exposed.   The requirement in the instruction that he must have used reasonable care and prudence, "considering his age and experience," has no reference to the risk or hazard of his employment.   His recovery in any event depended upon the exercise of due care on his part, to avoid the injury, and on that question the instruction properly told the jury to take into consideration his age and experience, as shown by the evidence.   The instruction is virtually conceded to be bad, standing alone.   Counsel for appellee say, it "correctly states the law as far as it goes, and when taken in connection with appellee's fourth * * * * and appellant's second, fifth and seventh instructions, it will be found that the law is stated as broad and explicit as appellee contends."   As to the statement that the law is correctly stated by the instruction "as far as it goes," it need only be said it goes to the entire case.   It says to the jury, if certain facts are shown, "you will find for the plaintiff," omitting to call attention to one of the material facts necessary to be proved.   We are unable to see how this fatal omission is supplied by other instructions given. The fourth in the same series simply says, "the age, capacity and discretion of the plaintiff are questions for the jury, and his responsiblity is to be measured by the degree of capacity he is shown to have possessed at the time of the injury."   It neither purports to explain, supplement, change, or take the place of the other, nor does it in any

way correct the error in it, if it did. The most that can be said as to the second, fifth and seventh, of those given for the appellant, is that they lay down a different rule from that announced in the one objected to. But even they do not cover the objection urged against it.

Whether or not the evidence is sufficient to sustain the verdict and judgment of the Circuit Court, is of course a question with which we have nothing to do, when the jury have been properly instructed, and we express no opinion on that subject. Whether or not, under the issues and the evidence in the case, the plaintiff had assumed the perils of his employment prior to the time of his injury, was an important question for the jury, and the instruction referred to took away from the defendant all benefit of that inquiry.

For the error in the first instruction given on behalf of the plaintiff below, the judgment of the Appellate Court will be reversed, and the case will be remanded to the Circuit Court for another trial.

*Judgment reversed.*