## Jane Jones, by her Next Friend, John Jones, v. C. D. Roberts.

1. NEGLIGENCE—*Risks of Dangerous Employments—Inexperienced Employes.*—Where the danger of injury is apparent to a person of ordinary intelligence and experience, and incident to the employment, the risk of injury is assumed by the employe as one of the ordinary risks of the service. This rule does not apply, however, to employes, who from youth are unable to appreciate and realize the danger to which they are exposed.

2. MASTER AND SERVANT—*Duty to Youthful Employes.*—As to youthful employes, it is the duty of the master to put them in possession of that knowledge which to adults comes from experience and mature judgment.

3. SAME—*Rights of Inexperienced Workmen.*—A young and inexperienced workman has no greater rights of action for an injury received by him than older and more experienced persons would have under the same circumstances if the danger and his duty were fully known to him.

4. SAME—*Object of Instructions to Inexperienced Workmen.*—The end in view to be accomplished by instructions from the master is to make the servant aware of the danger of the employment, and of the means of avoiding it.

5.  SAME—*Capacity to Appreciate Danger.*—If a servant has sufficient capacity to appreciate the danger of his employment or has acquired the knowledge otherwise than by instruction from the master, and is as fully aware of the danger as if instructed and advised as to it, he must be held to have assumed the peril incident to his employment.

6.  PRACTICE—*Taking the Case from the Jury.*—Where the evidence, with all the inferences which can justifiably be drawn from it, is insufficient to support a verdict in behalf of the plaintiff, it is the duty of the court to direct a verdict for the defendant.

**Memorandum.**—Action for personal injuries.   In the Circuit Court of Sangamon County; the Hon. ROBERT B. SHIRLEY, Judge, presiding; verdict for defendant by direction of the court; error by the plaintiff.   Heard in this court at the November term, 1894, and affirmed.   Opinion filed February 11, 1895.

BRIEF OF PLAINTIFF IN ERROR, CONNOLLY & MATHER AND JOHN C. SNIGG, ATTORNEYS.

It is only where the evidence, with all fair and legitimate inferences arising therefrom, is so far insufficient to sustain a verdict for the plaintiff that it must be set aside if rendered, that the court will be justified in directing a verdict for the defendant.   Phillips v. Dickerson, 85 Ill. 11; Goodrich v. Lincoln, 93 Ill. 360; Railway Co. v. Lewis, 109 Ill. 120; Simmons v. Railroad Co., 110 Ill. 346; Purdy v. Hull, 134 Ill. 298; Railroad Co. v. Johnson, 135 Ill. 641; Pullman Palace Car Co. v. Laack, 143 Ill. 242; Gartside Coal Co. v. Turk, 147 Ill. 122.

The conduct of an infant of tender years is not to be judged by the same rule which governs that of an adult. The care and caution required of a child is according to his maturity and capacity only; and this is to be determined in each case by the circumstances of that case.   Railroad Co. v. Stout, 17 Wall. (U. S.) 657.

It is now settled by the overwhelming authority that a child is held, so far as he is personally concerned, only to the exercise of such care and discretion as is reasonably to be expected from children of his age.   Shear. and Red. on Neg., Sec. 73.

A child is only bound to exercise such a degree of care

as children of his particular age may be presumed capable of exercising. Whit. Smith Neg., 411; Cleveland Rolling Mill Co. v. Corrigan (Ohio), 20 N. E. Rep. 469; Beach, Contrib. Neg., Sec. 46; Whart. Law of Neg., Sec. 409; C. & A. R. R. v. Becker, Admr., 76 Ill. 32; Chic. Anderson Pressed Brick Co. v. Reinneiger, 140 Ill. 334; 1 Shear. & Red. on Neg., 4th Ed., Sec. 219.

BRIEF OF DEFENDANT IN ERROR, PATTON, HAMILTON & PATTON, ATTORNEYS.

Where the whole evidence introduced by the plaintiff, if believed by the jury, is so insufficient to support a verdict that the court would not permit one to stand, it is the duty of the court to instruct the jury, as a matter of law, that there is not sufficient evidence to warrant a verdict for the plaintiff. Phillips v. Dickerson, 85 Ill. 11; Frazer v. Howe et al., 106 Ill. 563; Simmons v. C. & T. R. R. Co., 110 Ill. 563.

. The evidence tending to prove a cause of action which will entitle the plaintiff to have it passed upon by a jury, and which will render it error to instruct the jury to find for the defendant, must be more than a mere scintilla of evidence. It must be evidence upon which the jury can, without acting unreasonably in the eye of the law, decide in favor of the plaintiff or the party producing it. Bartelott v. International Bank, 119 Ill. 259; Spannagle v. C. & A. R. R. Co., 31 Ill. App. 545; Huschle v. Morris, 31 Ill. App. 545; Fellows v. St. L. Bridge Co., 45 Ill. App. 589; Clark v. Wabash Ry. Co., 52 Ill. App. 104.

The fact that plaintiff was a minor is not enough to give her a right of action alone. When a minor is of sufficient age and discretion to comprehend the dangers of an employment, the fact of his being a minor can not exercise a controlling influence. When the danger is equally open to the observation of both master and servant, both are upon common ground, and the master is not liable, as a general rule, for resulting injuries. Evansville & R. Ry. Co. v. Henderson, 33 N. E. Rep. 1021; 134 Ind. 636.

Hence, even if defendant was negligent in failing to give

proper instructions to plaintiff, yet if he obtained the same information and cautions from other persons, or from his own observation and experience, the negligence of defendant was not the proximate cause of plaintiff's injury. Truntle v. North Star Woolen Mills Co., 58 N. W. Rep. 832. See, also, Williamson v. Sheldon Marble Co., 29 Atl. Rep. 669; Cheney v. Middlesex Co. (Mass.), 37 N. E. Rep. 175; Crown v. Orr, 35 N. E. Rep. 648; Mackin v. Alaska Refrigerator Co., 58 N. W. Rep. 999; White v. Witteman Litho. Co., 30 N. E. Rep. 236; Connelly v. Eldridge et al., 36 N. E. Rep. 469; Bailey's Master's Liability for Injury to Servant, 113.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT:

The plaintiff in error sought, in this, an action on the case, to recover damages from the defendant in error for an injury to her left hand, which was caught and crushed between the rolls or cylinders of a machine, called a mangle, which she, as his servant, was operating in his laundry. It was not complained that the injury was occasioned by reason of any fault or defect in the machinery, but the sole ground on which it was sought to rest a right of recovery was that the plaintiff was young and inexperienced, and that the defendant in error negligently failed to advise her of the danger which attended the operation of the machine, or to instruct her as to the means of avoiding such danger. The mangle consisted of a large iron cylinder and two smaller wooden ones in position above it, and the appliances by which they were connected with a steam engine, by means of which the cylinders were pressed together and caused to revolve. The plaintiff in error was engaged in putting or feeding goods that had been washed into the cylinders in order that they might pass between them and be pressed and dried. A mangle is in fact a large wringer. The danger to be apprehended and avoided was that while putting the goods in position to be drawn between the rolls and smoothing any wrinkles that might be found, the hand of the operator might be drawn into and crushed and burned

between the revolving rolls. The cylinders were open and uncovered, and the iron one was kept heated. The danger of injury was apparent to one of ordinary intelligence and experience, was incident to the employment, and as such, according to the familiar general rule, was assumed by the servant as one of the ordinary risks of the service. This general rule does not, however, apply to employes who, from youth, are unable to appreciate and realize the danger to which they are exposed. As to such youthful employes the rule is, that it is the duty of the master to put them in possession of that knowledge, which, to adults, comes from experience and mature judgment. 2 Thomp. Neg. 978; Deer. Neg., Sec. 197; Wood, Master and Servant, 350.

A young and inexperienced workman has, however, no greater right of action for an injury than an older and more experienced hand would have under the same circumstances if the danger and his duty were fully known to him. 14 Amer. and Eng. Ency. of Law, 901–902. The end in view to be accomplished by instructions from the master is to make the servant aware of the danger and of the means of avoiding it. If the servant has sufficient capacity to appreciate the danger or has acquired the knowledge otherwise than by instruction from the master, and is as fully aware of the danger as if instructed and advised as to it, he is under the general rule held to have assumed the peril as incident to the employment. Brick Co. v. Renniger, 140 Ill. 334; Herdman-Harrison Milling Co. v. Spehr, 145 Ill. 329. In order to take her case out of the general rule which held her to have assumed the danger incident to the employment it was incumbent upon the plaintiff in error, in the case at bar, to show that she was ignorant of the peril to which she was exposed and of the means of avoiding it. Herdman-Harrison Milling Co. v. Spehr, *supra*. It appeared from her own testimony that she was in her sixteenth year and had been working in the laundry about two weeks when she was injured. She had worked about ten days receiving the goods as they came through the cylinders, and for three or four days before she was hurt,

had been engaged in feeding or putting them into the rolls
or cylinders.   Her hand was caught while she was smoothing
out the wrinkles in a pillow slip which was passing through
the rolls.   How or why it was caught she did not know.
She testified that she knew the iron cylinder was hot and if
she got her hand in there it would surely be burned; that
she knew if she got her hand between the rolls it would be
badly hurt.   She described the mangle and the manner in
which it was to be operated, and stated that she was cau-
tioned when she began to work on the feeding side to be care-
ful, but insisted that she was not informed that the machine
was dangerous, or told that her hand might be caught
and hurt between the rolls.   The trial judge at the close of
the evidence on her behalf directed the jury to return a
verdict for the defendant.   This ruling was, we think, cor-
rect.   The jury could not, without acting unreasonably, in
the eye of the law, decide that she did not fully appreciate
and realize the danger that necessarily attended the pros-
ecution of the work in which she was engaged or that her
injury occurred because she had not been properly advised
as to the means of avoiding it.   The only means of avoid-
ing the danger was to be careful that the hands did not
come in contact with the rolls and of this she could not
have been ignorant.   The evidence, with all the inferences
which could justifiably be drawn from it, was insufficient to
support a verdict in her behalf.   Had such verdict been re-
turned it would have been the duty of the court to set it
aside.   When this is the state of case a trial court is not
required to submit the issue to the jury but may direct a
verdict for the defendant.   Simmons v. C. & T. R. R. Co.,
110 Ill. 340; Bartlett v. International Bank, 119 Ill. 259.
Counsel for plaintiff in error insist that the only possible
ground upon which the court could have directed a verdict
for the defendant was that the evidence showed that the
negligence of the plaintiff in error contributed to her in-
jury.   This is a misapprehension.   The doctrine of con-
tributive negligence was not involved.   The action of the
court rested upon the ground that the injury to the plaintiff

resulted from a risk or peril that was incidental to the work which she had engaged to perform; that she had full knowledge and appreciation of such danger, and that in law she was held to have assumed the risk of injury as a hazard of her employment. The judgment must be affirmed.