## A. B. Huffer and B. H. Huffer v. Ike Herman.

1. NEGLIGENCE.—*Where it Does Not Exist.*—There can be no negligence in a course of conduct which such reasonable knowledge and skill as one conducting any business must possess as to that business, or be charged for the consequences of the want of it, would dictate as a prudent and safe course.

2. JURY—*Take Notice of Things of Common Knowledge.*—Juries are required to take notice of matters of common knowledge.

3. CARELESSNESS—*Ignorance and Inexperience.*—The ignorance and inexperience of the plaintiff, in an action for personal injuries, are elements to be considered in determining whether he was guilty of carelessness.

**Action for Personal Injuries.**—Error to the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed October 22, 1896.

W. A. CONOVER, attorney for plaintiffs in error.

If a person knowingly exposes himself to danger which could be readily averted, and sustains injury, he must attribute it to his own negligence. City of Bloomington v. Read, 2 Ill. App. 542.

A party seeking to recover for loss by negligence of another, must show that his own negligence did not contribute to produce the injury, and that he was in the exercise of due care and caution, as well as that the injury was produced by the negligence of the defendants. Aurora B. R.

R. Co. v. Grimes, 13 Ill. 585; Dyer v. Talcott, 16 Ill. 300; C., B. & Q. R. R. Co. v. Lee, Adm'r, 68 Ill. 576; Kepperly v. Ramsden, 83 Ill. 354; Abend v. T. H. & I. R. R. Co., 111 Ill. 202.

In the absence of ordinary care on the part of the plaintiff, who seeks to recover on the ground of mere negligence, it is a general principle of law that to entitle a party to recover damages for an alleged injury sustained in consequence of the negligence of another, that there must not only be negligence in fact, but it must be the proximate cause of the injury. Wharton on Neg., Sec. 130; C. & A. R. R. Co. v. Becker, 76 Ill. 25.

A minor's capacity to exercise care is determined by about the same standard that would be applied in ascertaining his capacity to commit crimes and to exercise discretion in civil matters. Nagle v. A. V. R. R. Co., 88 Pa. St. 35.

In males the age of discretion is fixed at fourteen years, and he is presumed to have sufficient capacity to understand danger, and to have power to avoid it. Ibid.

When he has reached the age of discretion is a question of law for the court, not of fact for the jury. Ibid.

The employe assumes as part of his contract all ordinary known dangers. Richardson v. Cooper, 88 Ill. 270; The Penn. Co. v. Lynch, 90 Ill. 333.

A minor is not free from this rule. Gartland v. T. W. & W. Ry. Co., 67 Ill. 498; Grover v. Gray, 9 Ill. App. 329.

RITCHIE, ESHER & WOOLLEY, and W. H. DICKSON, attorneys for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case presents the question whether there is any theory which the testimony of the defendant in error will support upon which he is entitled to recover.

That testimony is that he was eighteen years old, employed by the plaintiffs in error in a factory where there was a planing machine for planing boards, without being told what he would have to do, and for several days he

worked at sandpapering lumber; was then placed at the planing machine and told how to put the board through, and "whenever the shavings get piled up, you should clean them away;" had never seen a planing machine before; the windows were dirty, so that the room was dark; a cap covered the knives of the machine; shavings got piled up in machine, not so as to clog or stop it, and he went to sweep them off with his hand, and "my hand just got caught right in the machine; I don't know which way or how." The case shows that it was on the outlet, and not the feed side that his hand was in.

His counsel endeavored to help out his testimony by stating in the brief that he was a Russian, but one and a half years in the country, and though his wages were one dollar per day, he was put at a kind of work for which the wages were from $1.75 to $2.25 per day.

We are not referred to any place where evidence supporting such statements is to be found.

Now this is an action for negligence. There can be no negligence in a course of conduct which such reasonable knowledge and skill as one conducting any business must possess as to that business, or be charged for the consequences of the want of it, would dictate as a prudent and safe course. The jury were required to take notice of matters of common knowledge.

The general features of a wood planer are familiar to most men qualified to sit as jurors. The cap protects or covers the revolving knives, though of necessity enough space for a man to push his hand under the edges of the cap, and therefore against the knives, is left open.

Now the ignorance and inexperience of the defendant in error is an element when considering whether he was careless; but had the plaintiffs in error—though having constructive notice of that ignorance and inexperience, because they knew nothing to the contrary—had they any reason to anticipate or apprehend that he would put his hand under the cap and in contact with the knives?

In Chicago-Anderson Pressed Brick Company v. Rein-

inger, 41 Ill. App. 324, 140 Ill. 334, stress is laid upon the tendency of the movement of the machine to draw the hand of the servant forward; a tendency the effect of which could be anticipated. Here was no such tendency, and that a workman would ever put his hand under the cap, could not have been anticipated. Therefore the plaintiffs in error were not negligent.

The judgment is reversed and the cause remanded.