## McAleenan & Co. v. John Myrick.

1. MASTER AND SERVANT—*Hazards Assumed by Servant.*—Ordinarily a servant assumes all the usual known dangers incident to his employment, and also the hazards resulting from the use of defective machinery, if its defects are as well known to him as to his employer.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, 1896. Reversed. Opinion filed December 9, 1896.

### STATEMENT OF THE CASE.

This was an action on the case by appellee to recover for damages to the fibula of his leg, two or three inches above the ankle joint.

The case was tried by a jury and resulted in a verdict of $800 for appellee, and judgment was rendered thereon.

The declaration contained three counts, charging that while the appellee was working for appellant in its boiler shop, and was in the exercise of due care, he slipped and fell into a pit or hole, maintained by appellant in the floor of its boiler shop, which was then and there dangerous, and that the appellee's leg was then and there broken and his ankle sprained, etc.

The second count alleges the same matter as the first, and also that for want of sufficient light the appellee, while working in the line of his duty in the night time, and while in the exercise of due care, fell into the pit and broke and sprained his leg and broke his ankle.

The third count is substantially the same as the second.

The facts as disclosed by the evidence are that, March, ⌐1895, the appellant was, and for several years prior thereto had been, operating a boiler shop at the corner of Washington and Oak streets in the city of Peoria.

The shop had a frontage on Washington street of about seventy feet; a portion of it extended back at right angles to Washington street one hundred feet; another portion extended along Oak street forty-four feet. The floor of the shop was three feet ten inches above the level of the sidewalk on Washington street, and for the purpose of doing away with dangerous and unsafe skids, etc., in loading boilers, which were very heavy, weighing from five to fifteen tons, defendant opened back into the shop from Washington street, in the part that was forty-four feet deep, and near the office, on a level with the street, a way or pit, which was three feet ten inches deep and about ten feet wide and fourteen feet long. It was paved and walled up with brick, except at the end opening onto the street. It had a plank a foot wide, around the top, extending back from the edge and on a level with the floor of the shop.

It was customary to place boilers, which were ready to be tested, with their heads over this pit, so that the water used in testing would not run into the shop.

Boilers were tested by attaching a force pump, by a hose, to the boilers, and pumping by hand from a tub near by. If leaks were found, the men were there and calked where necessary.

The men frequently worked in the shops at night, and were paid extra for such work. The plaintiff had charge of the engine and boiler of the shop, operated drill presses, worked the force pumps while testing, and it was his duty to do any work which he was requested to do by the foreman.

He went to work in the shop in 1892, and remained six-teen months. He again commenced in June, 1894, and worked until the time of the accident on March 21, 1895.

Back of the office was a ware or store room, which was connected with the shop by a door four feet from the back of the forty-four foot part of the shop, where the pit was. Plaintiff, in the course of his duties, went from the engine room, in a remote part of the shop, past the pit (into which he afterward fell) into the ware room and office several times each day, from June, 1894, till March 21, 1895, and it was a part of his duties to close and fasten, every night, the doors, which were the width of the pit and extended from the ceiling of the shop to the bottom of the pit, on Wash-ington street. These doors were opened to admit wagons to the pit and for the better lighting of the shops. On the 21st day of March, the plaintiff was asked by McConnell, the foreman, to return and work that night. Plaintiff re-turned about half past seven and found then for the first time, as he claims, that the electric lights were not in use.

He was sent to a grocery store, which was more than a block away, for some candles, and got a quarter's worth, though he says he does not know how many there were; on his return he gave them to the foreman, lighted one for himself, and the other four men each took one and lighted it. Then he pumped water into the boiler for the test, and when that was done, he held the foreman's candle, while he calked a rivet. After that a workman asked him to hold the candle around on the other side; he reached around and fell into the pit, breaking one bone of the left leg above the ankle joint. Dr. DuMars attended him the usual length of time for such an injury, seven or eight weeks.

The following is the diagram of the building and prem-ises:

WASHINGTON        STREET.

PIT

OFFICE.

FORGE

STREET.

FORGE

OAK

DRILL PRESS

DRILL  PRESS

ENGINE ROOM

PAGE, WEAD & PUTERBAUGH, attorneys for appellant.

ISAAC C. EDWARDS, attorney for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The above are substantially all the facts in the case as shown by the evidence necessary to be noticed.

The appellant asked the court to instruct the jury to find the defendant not guilty.

The case is presented to this court to decide from the facts whether the appellee had a cause of action, and we have considered it solely in that view.

As a general rule of law, the servant will be regarded as " voluntarily incurring the risks resulting from the use of defective machinery, if its defects are as well known to him as the master.   But this rule will not be applied where the master, by urging on the servant, or coercing him into danger, or in some other way, directly contributes to the injury."   Drop Forge and Foundry Co. v. Van Darn, 149 Ill. 341; East St. Louis Ice and C. Co. v. Crow, 155 Ill. 75.

The evidence shows that appellee was as well informed in regard to the dangers of the pit in question as his employer. He knew all about it; knew that it was uncovered and without railing; that any one working about it was liable to fall into it, unless he exercised care, and he knew also if it was dark the danger would be greater, and the care required correspondingly greater.   Working after night was part of his duties, and he knew that there was no electric light, and that they were working by candle light.   He made no objection to the working in that way, nor was he in the least coerced or deceived.   He was asked to hold the light around by a fellow-workman, and in doing so he failed to exercise proper care, and fell into the pit.

The declaration avers that he was working in the line of his duty.   He worked there in the shop every week, and did whatever he was told to do.   He had done this kind of work before repeatedly.   He procured the candles himself, and went to work about the pit without any objection

or complaint. He was neither hurried, nor coerced, nor deceived, nor surprised.

The appellee was twenty-seven years of age, and had had years of experience in the business, and should be held to have assumed the risk of his employment with the pit uncovered as it was. Herdman-Harrison Milling Co. v. Spehr, 145 Ill. 329.

Many other cases might be cited, but the rule is well established, as will be seen by reference to the above cases.

Upon the evidence we are constrained to hold that the court below erred in refusing the instruction requiring the jury to find for the defendant.

For this error the judgment of the court below is reversed, but as the appellee has no cause of action it will not be remanded.

### FINDING OF FACTS.

We find that the appellant was not guilty of any of the acts of negligence charged in the declaration, and not guilty as charged in either count thereof; and further, that the facts are as stated by the court in the opinion.