**Elizabeth Bratfish, Appellee, v. John W. Gibbons, Appellant.**

**Gen. No. 13,962.**

MASTER AND SERVANT—*what risks are assumed.* Dangers which are obvious and apparent are assumed by the servant.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed with finding of facts. Opinion filed May 19, 1908.

GEORGE E. GORMAN, for appellant.

FRANCIS J. WOOLLEY and ALEXANDER SULLIVAN, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

In an action on the case for personal injuries plaintiff had judgment for $1,000, and defendant appealed.

Plaintiff was injured while in the service of defendant in feeding a sheet into a mangle. The mangle consisted of a cylinder which revolved towards and just above a heated steam chest. In front of the mangle, throughout its entire length, was a brass feed plate, above which was an iron bar called a guard. As originally constructed, this guard-bar also revolved just above the feed plate and about three inches in front of the revolving cylinder of the mangle. The object of the guard-bar was to lessen the danger of an operator feeding articles into the mangle getting her finger caught between the revolving cylinder and the steam chest. The maker of the mangle in question made mangles with revolving guard-bars and also mangles with stationary guard-bars. The stationary guard-bars were placed the same distance in front of the cylinder, but an inch or a little less above the feed-plate. Some time before plaintiff was injured, the employes of the defendant converted the revolving guard-bar into a stationary guard-bar, by throwing it out of gear and placing an object under each end of the bar, by which it was raised an inch or a little less above the feed plate. This was done, it appears, because there was trouble with the revolving guard-bar so near to the feed-plate, in that certain articles with fringes or tassels had been caught by the revolving bar and wound around it.

The cause went to the jury on the first and second counts of the declaration. The first avers that the defendant negligently, etc., furnished to plaintiff, to be used by her in his service, a mangle which was unsafe and out of repair, and that said mangle did not have proper safeguards, properly adjusted and safely attached thereto. The second count avers that the guard on the mangle was broken, out of repair and out of its

proper position, and that defendant wrongfully, etc., ordered the guard to be kept up, out of its proper place and out of proper adjustment.

Plaintiff had been in the employ of defendant for some time, but had worked as a lister and in shaking out towels, and had not before the day of her injury worked on a mangle. She was directed by the forewoman to assist another young woman in feeding the mangle. Each took hold of a corner of a sheet to feed it to the mangle, and in some way plaintiff's fingers went under the guard-bar into the mangle between the cylinder and the steam chest, and thereby were crushed, bruised and injured.

Plaintiff was of full age. The declaration does not allege any failure on the part of the defendant to properly warn plaintiff of the danger attendant upon feeding the mangle in question, or failure to instruct her how to avoid such danger. Whether there was more or less danger to the person feeding the mangle with the guard-bar raised up and still, than there was with it nearer to the feed plate and revolving, is immaterial. The position of the guard-bar and the fact that it was not revolving were obvious and apparent. That injury would result to one feeding the mangle if she permitted her fingers to go under the guard-bar and be caught between the cylinder and the steam chest was also obvious and apparent. That danger was incident to the employment in which plaintiff was engaged at the time she was injured, and was, we think, assumed by her as one of the ordinary risks of the service. Jones v. Roberts, 57 Ill. App. 56; Ward v. Daniels, 114 *id.* 374.

The judgment of the Circuit Court will be reversed, with a finding of facts.

*Reversed, with finding of facts.*