## Alois Kresmar, Appellee, v. Omaha Packing Company, Appellant.

### Gen. No. 14,911.

1. MASTER AND SERVANT—*when doctrine of assumed risk precludes recovery.* If the danger or risk was apparent and obvious to the servant, was incident to his employment, it is deemed to have been assumed, and if it resulted in the injury complained of, will bar a recovery.

2. MASTER AND SERVANT—*when minor subject to doctrine of assumed risk.* If the servant is of sufficient age and discretion to understand and appreciate the risk to which he is exposed, he is held to have assumed the ordinary hazards of his employment.

3. CONTRIBUTORY NEGLIGENCE—*what conduct in use of machine constitutes.* Held, that it was contributory negligence which barred a recovery for the servant to attempt to grab and pull off a piece of string or cloth from a roller revolving 300 times a minute.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed. Opinion filed March 18, 1910.

FRANK M. COX and R. J. FELLINGHAM, for appellant.

CHARLES D. LUSK and DE WITT C. JONES, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This action was brought by Alois Kresmar against the Omaha Packing Company to recover damages for personal injuries sustained by him February 20, 1906, while working for the defendant in its packing house, Chicago. The fingers of plaintiff's left hand were caught between two rollers of a machine at which he was working. The question of defendant's liability is the principal question in the case and the one upon which the case must turn.

The original declaration is not relied on by the plaintiff. His case is set forth in the three additional counts according to his brief. The negligence averred

Kresmar v. Omaha Packing Co., 153 Ill. App. 338.

in the first additional count was that plaintiff was employed and put at work by the defendant on a machine which was out of repair and adjustment, and the rollers of which did not revolve upon each other as closely as they should when in operation; and to remedy that defect defendant caused cloths or rags to be wound upon the rollers. The cloths or rags became worn and torn, so that pieces or strips became loosened and partly detached from the rollers and caused intestines to be carried back and wound around rollers and thereby spoiled. At the time of the accident a piece of said cloth became loosened and partly detached from the rollers, and plaintiff, with all due care, attempted to remove and pull the same off, and in doing so a strip became wrapped around one of the fingers of plaintiff's left hand, and carried his hand between the rollers, whereby three fingers were crushed and injured.

The second additional count is substantially the same as the first, and in addition it avers defendant had notice of the condition of the machine; that plaintiff was a minor with little experience in running said machine, which was known to the defendant; that defendant failed in its duty to instruct plaintiff what to do in case pieces of cloth became loosened and detached from the rollers, and left plaintiff to exercise his own judgment as to how best to remove such loose pieces of cloth.

The third additional count avers the matters set up in the first and second additional counts, and in addition avers that the foreman of defendant negligently ordered plaintiff to remove said strips with his hands whenever he should see the same partly detached, and that the danger and hazard of so doing was known to defendant and not to plaintiff, and that by reason of the order and direction of the foreman, plaintiff with due care, attempted to remove said strip of cloth with his left hand and was injured.

The plaintiff himself was the only witness offered to sustain his case. He testified in substance that defendant had two machines for scraping and cleaning

intestines. These two machines stood three or four feet apart. They were built and run exactly alike. Each machine stood on four legs and consisted of a set of knives and large drum on the side of the machine farthest from where plaintiff worked, and of two rollers on the side where plaintiff worked. The tops of the rollers were about four feet above the floor. The plaintiff had nothing to do with the knives on the opposite side of the machine. The rollers were side by side, and close enough together to make the proper pressure to press the water out of the intestines as they were run through them. They revolved toward each other at the top. The intestines were put in at the top and dropped down underneath the machine. Plaintiff testified that the rollers revolved about three hundred times a minute. As the plaintiff was at work he stood about one foot from the nearest roller. The rollers were first covered with rubber and then with canvas. Cloths or burlap were then put on the canvas, thus forming soft surfaces between which the intestines were pressed. The rollers were in plain view all the time.

The evidence shows that each machine was equipped with a simple device for stopping it. The device consisted of a horizontal rod used as a lever, and this rod shoved in or out to start or stop the machine. The end or handle of the rod was at the operator's left side and between him and the rollers. It was easily shoved back and forth.

At the time of the accident plaintiff was about eighteen years old. He had worked on the other machine about two months. During that time he testifies he saw the machine on which he was injured operated every day; that the men changed the cloths on the roller every day or two, and washed it many times a day; and when at the end of the two months he was placed at work on the second machine (on which he was hurt) he knew that the cloths had to be changed every day or two. Mike Moritz, the man who ran the intestines through the knives on the opposite side of

the machine, put the cloths on the rollers, tacking the cloths to the rollers.

The cleaning of the rollers was done by using a brush with soap and water, while the rollers were in motion.  At times during the working of the machine, plaintiff testified that pieces or strips of the cloth became loose and hung down from the roller, and it was necessary to remove them.

The plaintiff testified that Beggy, the foreman, put him at work on the second machine and told him to clean it.  Mike Moritz was then working on the other side of the machine.  Plaintiff also testified that Beggy at that time said to Moritz, but not to plaintiff, that he—Moritz—was plaintiff's boss.  This is disputed in the evidence.

Plaintiff worked about a month on the second machine before the accident.  He cleaned the machine every day, and took off the strips and pieces of cloth which he found loose and hanging from time to time. Plaintiff testifies that just before the accident, Moritz said to him that he (Moritz) was going to get some more intestines, and that plaintiff should clean the machine and take off the rags.  While Moritz was away, and while plaintiff was cleaning the rollers with a brush in his right hand, he says he observed a piece of rag hanging down from the roller.  In attempting to take it off plaintiff says he reached down under the roller with his left hand, and the string wrapped around his finger and pulled his hand over between the rollers.

Plaintiff does not disclose by his evidence how or by whom he was informed of what Beggy said to Moritz at the time he was put to work on the second machine.  His testimony on this point is flatly contradicted by both Beggy and Moritz.  The decided preponderance of the evidence is that Beggy was the foreman and that Moritz had no authority over the plaintiff.  Moritz testifies that prior to the accident and before leaving the machine, he did not give the plaintiff any orders or directions; that he said nothing to him.

Moritz also says that he had noticed the wrappings around the rollers before the accident, and he saw no pieces hanging down. The preponderance of the evidence seems to support Moritz' testimony on this point, and that no string or strip was wrapped around plaintiff's fingers when his fingers were taken from between the rollers. On the other hand the evidence shows, we think, that plaintiff, at the time of the accident, was putting salt on the rollers with his left hand, contrary to orders, and while so doing his left hand was caught.

But aside from the preponderance of the evidence being strongly against the plaintiff's theory of the accident on essential points of the case, the judgment must be reversed because it clearly appears from the plaintiff's own testimony that he was fully conversant with the working of the rollers, and thoroughly appreciated whatever risk and danger there might be in getting his hands between them, or where they might be drawn between them. This danger and risk was apparent and obvious to plaintiff, and was incident to his employment, and according to the general rule was therefore assumed by him, as one of the ordinary risks of the service. Jones v. Roberts, 57 Ill. App. 56; Swift & Co. v. Arent (No. 1122 this court, not reported).

The plaintiff did not attempt to prove that he did not know of and appreciate the alleged defective condition of the machine, or the danger of getting his fingers caught between the rollers while attempting to grab and pull short strings or strips of cloth from swiftly revolving rollers; or that he did not have equal opportunity with the defendant of knowing the danger complained of. Plaintiff proved the machine and rollers which he was at work on were very simple, and that he thoroughly understood them and the work which he was doing. According to his evidence, grabbing hold of the strings and pulling them off the rollers was a part of his regular work and that he did it every day for a month before he was injured. He does not complain of any

latent defect or danger.  He did not plead or attempt to prove that he made any objection to, or complaint about, the machine or his work, or that defendant made to him any promise with regard to the machine or any part of it, or his work upon the machine.  If plaintiff, as he testifies, was ordered, at the time of his injury, to take the strings off the revolving roller, he was not misled by the order as it was a part of his regular work.  Under this state of the proof the plaintiff must be held to have assumed the risks of his employment, and the recovery and judgment cannot be sustained. Howe v. Medaris, 183 Ill. 288; Galloway v. C., R. I. & P. Ry. Co., 234 *id.* 474; Lake E. & W. R. R. Co. v. Wilson, 189 *id.* 89; Armour v. Brazeau, 191 *id.* 117; Christiansen v. Graver Tank Works, 223 *id.* 150; E., J. & E. Ry. Co. v. Myers, 226 *id.* 365.

The plaintiff had passed beyond the stage of thoughtless childhood and was not entitled to special care by the defendant, as his employer, on account of his age.  Whatever danger there was in his employment was not hidden but was open and obvious.  Ryan v. Armour et al., 166 Ill. 568.  He was of sufficient age and discretion to understand and appreciate the risk to which he was exposed, and must be held to have assumed the ordinary hazards and perils of his employment.  Pressed Brick Co. v. Reinneiger, 140 Ill. 334.

The imminent and obvious danger to plaintiff in attempting to grab and pull off a piece of string or cloth from a roller revolving three hundred times a minute, as testified to by him, was such contributory negligence on his part as to bar his recovery, in our opinion.

In view of what we have said it is unnecessary, we think, to discuss the errors assigned and argued in regard to rulings on evidence, and the refusal of an instruction asked by defendant.

The trial court should have instructed the jury at the close of the evidence to find the defendant not guilty, as requested by the defendant.

The judgment is reversed with a finding of facts.

*Reversed.*