Doolittle v. Pfaff.

92     301
107    ²331

## Mercy E. Doolittle v. Lois E. Pfaff.

1. NEGLIGENCE—*No Recovery Where the Negligence of the Servant is the Cause of the Injury.*—An employe in a laundry was at work upon an ironing machine which was operated by the pressure of her feet upon a treadle, throwing it into and out of gear under control of the power operating the laundry. In operating the machine the clothing, being ironed, became wrapped about the rollers of the machine, and while endeavoring to disengage it, without removing her feet from the treadle, her hand was drawn between the rollers and burned. *It was held* that the pressure of her feet upon the treadle of the machine was the cause of her injury, and that she could not recover.

2. MASTER AND SERVANT—*Assumption of Risks Where the Servant is Aware of the Danger of the Service.*—If a servant has sufficient capacity to appreciate the danger of the service, or has acquired the knowledge otherwise than by instruction from the master, and is as fully aware of the danger as if instructed by the master, and advised as to it, he must be held to have assumed the peril incident to his employment.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the March term, 1900. Reversed. Opinion filed December 6, 1900.

Statement.—This suit was brought by appellee to recover from appellant damages for personal injury, received while operating an ironing machine in a laundry, conducted by appellant. Appellee, a married woman, twenty-two years of age, was an employe of appellant, and had been engaged in work in the laundry for some three and a half months previous to the injury. The ironing machine, upon which appellee was at work when injured, operated by foot-pressure upon a treadle, which threw the machine into gear and under control of the power. When the treadle was released from the foot-pressure, the ironing machine was at once out of gear, and the rollers, except for a few revolu-

tions, stopped their motion. When the treadle was pressed the lower or cold roller of the machine was raised up into contact with the upper roller, which was hot. When the treadle was released, the lower or cold roller at once dropped away from the upper or hot roller, leaving a space between the rollers. The extent of this space is differently testified to by different witnesses, the testimony varying from one-fourth inch to three-fourths of an inch. Appellee, at the time of the injury, had been working upon the ironing machine for a month or more. Previous thereto she had done other work in the laundry. While appellee was using the machine, the clothing which she was ironing became wrapped upon the rollers, and, while trying to disengage it, her hand was drawn in between the two rollers and burned. While her hand was thus held between the cold and the hot rollers, the machine was kept in gear, and the two rollers were kept together, with appellee's hand pressed between them, by reason of the fact that appellee kept her feet upon the treadle. It was only after another employe forcibly removed appellee's foot from the treadle, that the rollers were separated and her hand released.

The declaration contains two counts, the first counting upon negligence of appellant in that the machine was out of repair, and the second counting upon negligence of appellant in failing to instruct appellee " as to the safe and proper method of operating the machine."

Appellant filed her plea of not guilty, and upon issues joined, a trial was had, which resulted in verdict and judgment thereon for appellee.

From that judgment this appeal is prosecuted.

J. F. SNYDER, attorney for appellant.

FRANCIS J. WOOLLEY, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

But two questions are presented upon this appeal, viz.: The two questions of fact raised by issues joined upon the first and second counts of appellee's declaration. First, is

Doolittle v. Pfaff.

there any evidence in the record which will support the verdict on the ground that there was negligence of appellant in that the machine was out of repair. Secondly, does the record contain any evidence which will support the verdict on the ground that there was negligence of appellant in a failure to inform appellee of dangers incident to use of the machine in question.

We are of opinion that as to each question the answer must be against a right of recovery. The only evidence as to any defect in the machine is testimony to the effect that after the treadle was released from pressure the rollers continued revolving for a few seconds by force of momentum. There is some conflict as to the existence of any such defect, but the evidence would warrant a jury in finding that the rollers did so revolve for a few seconds after the machine was thrown out of gear and after the lower roller was dropped away from the hot roller. The difficulty, however, is that there is no evidence upon which to base a conclusion that any such defect was the cause of the injury. On the contrary, it is conclusively established that the precise cause of the injury was the continued pressure of the foot of appellee upon the treadle, when she should have released the treadle and thereby kept the rollers apart. There is no evidence to show that the continued revolutions of the rollers by momentum only after the treadle was released could in any event have caused the injury.

It was sought by counsel for appellant to obtain evidence upon this matter through the following question put to a witness for appellee upon cross-examination:

"Q. What harm would it do if it (the roller) went around if there was no power connected with it?"

But objection by counsel for appellee to this question was sustained by the court.

There is evidence to establish that an entirely different agency did cause the injury to appellee, viz., the pressure of her foot upon the treadle.

Appellee testified in her own behalf as follows:

" I tried to hold the roller from going around by taking hold of the night dress and pulling on it with the palm of

my hand up, and pulled down, but couldn't stop it. It pulled my left hand right into the machine on the left hand side as I faced the machine. After my hand was in, I got hold my hand like this, and pulled on it, and tried to pull it out. I don't know what I did with my foot, only I know I lifted my foot off the treadle when it started to wind around."

While appellee testified that she had lifted her foot from the treadle when the garment began to wind upon the roller, she does not state whether her foot was again upon the treadle when her hand was drawn into the machine. Nor does it appear that if the power was disconnected and the rollers apart the hand, if inserted, would be held and pinched or burned. Other testimony would tend to a contrary conclusion, viz., that the effect would be to stop the revolutions of the rollers. The other evidence upon this matter consists of the testimony of four witnesses, each of whom testified that appellee had her foot upon the treadle which kept her hand caught between the rollers. Of these witnesses two, Miss Ferguson and Mrs. Young, were called by the appellee. Miss Ferguson testified:

"I told her (appellee) to step off the treadle. I told her to take her foot off the treadle. She did not do it. She stood on the treadle, pulling her hand out, until Mrs. Sullivan ran down there. Mrs. Sullivan was the first one there; she caught hold of her feet and jerked them off" (the treadle).

Mrs. Young testified:

"I could see Mrs. Pfaff taking hold of her left hand with her right and trying to get it out of the rollers; then I guess Mrs. Sullivan came over there and took her by the feet and pulled her off the treadle. * * * When your foot was off the treadle the rollers were separated. * * * I said the rollers would turn around seven or eight times after you took your foot off; * * * if my hand was in there and my foot off the treadle, that would probably stop the rollers so that they would not turn."

Mrs. Sullivan and Miss Doolittle testified to like effect as to the treadle being under pressure of appellee's foot when her hand was pressed between the rollers and thereby burned.

Doolittle v. Pfaff.

By these witnesses, two of whom were called by appellee, it is conclusively established that the cause of the injury was the pressure of the foot, or feet, of appellee upon the treadle, when a release of the treadle from such pressure would have avoided the injury. Neither appellee, nor any other witness, states that the revolutions by momentum after release of power could possibly have effected the injury. The most that might be inferred from all the evidence upon the matter of defect, is that the defect, if any, might have caused a garment to wrap over the rollers, but it could not operate to pinch or burn the hand of the operator if the rollers were dropped apart by the release of the power. From which it must be concluded that the keeping of her feet upon the treadle not only contributed to the injury, but was the one efficient cause of the injury to appellee.

There is a line of decisions which hold that when the negligence of another places one in a peril, efforts to extricate one's self from such peril are not necessarily to be measured by the strict rule of contributory negligence. The W. C. Coal Co. v. Healer, 84 Ill. 126; The D. T. & W. Co. v. Dandelin, 143 Ill. 409.

But here the appellee does not appear to have been in any peril whatever until she caused peril by her own inadvertent action.

We are of opinion, therefore, that upon the first count of the declaration, charging negligence in lack of repairs, there is no evidence warranting a recovery.

The basis of the second count is alleged negligence in failing to instruct appellee as to the dangers incident to use of the machine. In this connection the appellee testified as follows:

" The day before I was hurt I told Miss Doolittle my husband was afraid I would get hurt, and didn't want me to run it; and she told me I could not get hurt if I tried. She said she did not have a dangerous machine in the place; that I might get my fingers pinched, and that was all. I said she knew more than I did, and went to the machine and went to work. The next day the injury occurred."

\* \* \* "Two or three weeks after the accident Miss Doolittle said she should have given me more instructions."

Appellant denied any such conversation. But for the purpose of determining the sufficiency of the evidence, we assume that the jury might have discredited appellant and believed appellee. If appellee, relying upon such assurance, had remained in use of a machine which was defective and by its defects the hazards of her employment were increased, or if appellee was ignorant of the dangers incident to the use of the machine, whether defective or not, and relying upon such assurance she had used the machine without understanding its dangers, then in either case the assurance would be material as aiding the recovery. But the difficulty is that there was no defect which increased the hazard, and there was no lack of knowledge upon the part of appellee. She testified very frankly that she fully understood all the dangers of the machine, that she knew that if pressure was applied to the treadle the rollers would be brought together and that if she got her hand between the rollers when the pressure was on the treadle her hand would be pinched and burned. Appellee testified as follows:

"I knew that if you put your foot on that treadle these rollers would revolve; and if you took your foot off they would stop. I knew the top roller was hot, and the lower was cold; and I knew if your foot was off, there was a space there between them. I don't think my hand would slip through without touching them, because it was only one-half or three-quarters of an inch between the rollers. I don't think my fingers would go through a hole three-quarters of an inch wide. I knew all the time that the top roller was hot, from the time I commenced to work there, the 27th of June; and I knew if I got my hand in, it would get burnt; and I knew if I put my hand against it and put my foot on the treadle the rollers would revolve and draw my hand in. I knew that from just before the time I worked on it."

Negligence does not create liability for an injury which it in no wise causes. If appellant was here negligent, in not properly informing appellee of the danger by which she was injured, that negligence did not cause the injury,

for appellee had acquired from other sources the information which appellant should have furnished her.

It is true, as argued in the application of the doctrine of assumed hazard, it must appear that the employe was not only aware of defects, but as well of the dangers incident thereto; but there is here no question of defects causing the injury, and all the danger incident to operating the machine appears to have been fully known to appellee. It is, however, here not so much a question of the application of the doctrine of assumed hazard which bars a recovery, as it is an entire lack of evidence showing any negligence of appellant as cause of the injury. But if the doctrine of assumed hazard be applied, the conclusion could not be different. Jones v. Roberts, 57 Ill. App. 56; Howe v. Medaris, 183 Ill. 288.

In Jones v. Roberts, *supra*, this court, speaking through Mr. Justice Boggs, said :

"The end in view to be accomplished by instructions from the master, is to make the servant aware of the danger and of the means of avoiding it. If the servant has sufficient capacity to appreciate the danger or has acquired the knowledge otherwise than by instruction from the master, and is as fully aware of the danger as if instructed and advised as to it, he is, under the general rule, held to have assumed the peril as incident to the employment."

Inasmuch, therefore, as the injury to appellee can not, upon the evidence, be ascribed to any defect in the machine, nor to any lack of information or instruction as to its operation and its dangers, but must be ascribed to the inadvertence of appellee in placing her foot upon the treadle while attempting to unwind a garment from the roller, there would seem to be no basis for a recovery upon the ground of negligence of appellant.

The conclusion reached by the court makes it unnecessary to consider other questions raised by appellant's brief.

There being no evidence disclosed by the record which should be submitted to a jury upon either of these alleged charges of negligence, the judgment of the Superior Court will be reversed, without remanding the cause.