## Chicago Hardware Company v. Frank E. Matthews.

### Gen. No. 12,085.

1. DEFECTIVE MACHINERY—*what essential to charge master for personal injuries resulting from.* In order to charge a master for personal injuries resulting to a servant from defective machinery, knowledge of such defect must be brought home to the master or proof made that his ignorance was the result of his own negligence or want of care.

2. MASTER—*when not liable for failure to instruct servant as to dangers of employment.* A master is not liable for failure to instruct a servant as to the dangers of his employment where such servant gains the same knowledge from other sources.

3. ASSUMED RISK—*when doctrine of, applies.* The doctrine of assumed risk applies where the danger is obvious.

4. PEREMPTORY INSTRUCTION—*when should be awarded.* A peremptory instruction should be given when the evidence at the trial with all the inferences which the jury could justifiably draw from it is so insufficient to support a verdict for the plaintiff that such verdict, if returned, should be set aside.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed. Opinion filed December 22, 1905.

**Statement by the Court.**  Frank E. Matthews, appellee, sustained a personal injury, losing parts of two fingers of his left hand by getting them caught between the die and its counterpart, in a machine used for stamping metal, while in the employ of appellant.

The machine, which is called an embossing press, was operated by steam power.  The operator sat on a stool or stood in front of it, and with one foot pressed down the treadle whenever he desired to stamp a piece of metal.  The pressing down of the treadle put the machine in motion so that the die upon which the metal rested would slowly rise and press against the counterpart, thus stamping into the piece of metal the imprint of the die.  The die would then sink down into a position of rest until the treadle was again pressed down, when it would repeat the operation.

It was necessary to take the foot off the treadle promptly each time the machine was tripped, for if the foot remained on the treadle the machine would continue to operate.

At the time of the accident appellee was engaged in stamping thin pieces of brass used as a keyhole plate on doors. These pieces of metal were about six inches long and about two and one-half inches broad, and weighed about two ounces. The die in use at the time of the accident was about the size of an ordinary brick and made of steel.  Its upper surface was a little larger in both dimensions than the metal pieces being stamped.

In doing the work appellee took one piece of metal at a time from a box with his left hand and placed it upon the lower die when it was down at the point of rest, and with a little hook provided for that purpose in his right hand adjusted the metal in the hollow place in the surface of the die where it should rest in order to receive the impression.  He then pressed the treadle with one foot and the machine stamped the metal.  When the die began to descend after making the impression appellee reached in with the hook and pulled off the metal into a box provided to receive it. While he raked off the metal with his right hand, he took another piece of metal with his left hand and put it on the

die, adjusting it to its proper place with the hook. The little hook was about eight inches long and resembled a shoe buttoner.

At the time of the accident appellee had worked in appellant's press room over two weeks on three different presses. He had worked on this particular press three or four days. When he was put to work on the machine in question he was instructed by the foreman in the method of doing the work, and the foreman illustrated his instructions by putting a few pieces through the machine himself, requiring Matthews to observe the operation while he was doing it. After receiving his instructions appellee had repeated the operation successfully several thousand times according to his own testimony, and he also testified that he knew and appreciated the danger of putting his hand between the die and its counterpart, and knew that he might get caught if he did not use the hook.

Appellee recovered a judgment for $2,000 and the case is brought here on appeal to reverse the judgment.

O. W. DYNES, for appellant.

DANIEL MCCASKILL, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

It is contended by appellant that the record contains no evidence that appellant was guilty of the negligence alleged against it in the declaration.

The declaration states two grounds or theories of negligence: first, that the machine was defective and that the defendant had notice of the defect and the plaintiff did not know of it; and second, the defendant's failure to warn or instruct the plaintiff in regard to danger of which he was ignorant.

The only evidence claimed by appellee to show that the machine was in any way out of order was the testimony of the witness Simonson that two or three months before the accident to plaintiff a boy put two blanks in the press and broke something in it and it was repaired; and that a few

days after the accident they had to fix it but not at the time
of the accident. The witness Breakwell testified that the
foreman and Jacob were working on the machine about three
days prior to the accident. They took off the gear-wheel and
did something to it. The plaintiff testified that just after he
was put to work on the machine it repeated once, but he did
not tell the defendant or any representative of the defendant
of this alleged defective condition when he discovered it, but
continued to work without objection or complaint. The plain-
tiff's testimony shows clearly that he knew and appreciated
the danger of getting his fingers caught between the die and
counterpart.

This evidence in our opinion tends to show that in the
thousands of operations of the machine during the three days
the plaintiff was working on it, the machine was in good
order and condition or it would have repeated more than
once. That single repetition occurred shortly after plaintiff
commenced to work upon it. This fact would indicate, not
that the machine was out of order and defective, but that the
plaintiff did not remove his foot from the treadle promptly.
It is a conceded fact in the case that if the operator held his
foot on the treadle long enough so that the gear-wheel in its
revolution passed a certain point, the machine would repeat
even if the foot be then removed. The only inference from
the one repetition is that the plaintiff held his foot on the
treadle until the wheel had passed the point where the bolt
would be thrown out and the die released from the power
which operated it. This conclusion is supported by the un-
disputed fact that without anything being done to the ma-
chine it was found to be in perfect working order the next
morning after the accident to plaintiff, and it worked per-
fectly all that day.

The plaintiff's testimony that when the die came up at
the time he was injured he did not have his foot on the lever,
does not, in our opinion, tend to prove that the machine was
out of order or defective, because if he had held his foot on
too long and then taken it off the die would come up in the
ordinary and regular operation of the machine. The plain-

tiff did not testify that he took his foot off the lever promptly after pressing it.

Our conclusion from this evidence is that it fails to prove that the machine was defective and that the defendant had notice of any such defect, as charged in the declaration.

The evidence on the part of both parties shows that the defendant inspected the machine at reasonable times and that this inspection did not disclose any tendency to repeat due to any defect in construction or want of repair. The law is that knowledge of such defect or insufficiency must be brought home to the master, or proof made that his ignorance was the result of his negligence or want of care. Sack v. Dolese, 137 Ill., 129. We think the evidence negatives any negligence or want of care of the machine on the part of defendant.

The other charge of negligence in the declaration is the failure of the defendant to instruct the plaintiff in regard to danger of which he was ignorant.

Upon this question the plaintiff's testimony is that he put his fingers in between the die and its counterpart after he had been warned by the foreman to avoid putting them there, and after he had been told to use the hook. He admits that he knew that if the die came up and caught his fingers it would crush them, and that he tried to avoid that danger. The plaintiff thus appears either from the instructions given or from other sources of information to have acquired the knowledge of danger which the defendant should have furnished him, and hence defendant's negligence did not cause the injury. Doolittle v. Pfaff, 92 Ill. App., 301.

The danger from which the plaintiff suffered the injury was so obvious that he must be held as a matter of law to be as familiar with it as the defendant. Groth v. Thomann, 86 N. W. Rep. (Wis.), 178.

We think the record does not contain any evidence which supports the verdict on the ground that there was negligence of the defendant in failing to inform plaintiff of dangers of which he was ignorant.

The trial court should have directed a verdict of not

94      APPELLATE COURTS OF ILLINOIS.

VOL. 124.]      Young v. Mueller Bros. Art & Mfg. Co.

guilty. "When the evidence given at the trial, with all inferences which the jury could justifiably draw from it, is so insufficient to support a verdict for plaintiff that such verdict, if returned, should be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant." Simmons v. Chicago & Tomah Ry. Co., 110 Ill., 340.

The judgment is reversed, but the cause is not remanded.

*Reversed.*