## William Ward v. Kate Daniels.

### Gen. No. 11,176.

1. GUARD—*when failure to provide, for machinery, does not constitute actionable negligence.* Held in this case, upon the authority of Chicago & Eastern Illinois R. R. Co. *v.* Driscoll, 176 Ill. 330, that there could be no recovery for a failure to place a guard about certain machinery used by the plaintiff.

2. ASSUMED RISK—*what is.* The danger that the hand of the feeder might be drawn between a cylinder and a steam chest and thereby be crushed and burned, while placing articles upon the cylinder, is obvious and apparent and is assumed by the employee as one of the risks of service.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed. Opinion filed June 3, 1904.

Statement by the Court. Appellee was injured while feeding a mangle machine, known as the Crawford mangle,

for appellant. She was then nineteen years old and had been feeding said mangle machine four months. The mangle consisted of a large padded cylinder, the face of which on the side towards the feeder, rolled upwards and away from the feeder. Above the cylinder was a steam chest, the lower side of which was concave. The steam chest was kept hot, but the cylinder was cool. The side of the cylinder towards the feeder was open and exposed. It was the duty of the feeder of the mangle to place the articles which had been washed on this exposed surface of the cylinder. The cylinder revolved so close to the concave surface of the steam chest that as it revolved the articles placed upon it by the feeder were pressed against the heated surface of the steam chest and thereby smoothed and dried. While appellee was engaged in feeding the mangle, her left hand was drawn between the cylinder and the steam chest, and so injured as to require the amputation of the arm. In an action on the case she recovered a judgment for $5,000, from which the defendant appealed.

LACKNER, BUTZ & MILLER, and C. E. HECKLER, for appellant.

THEODORE G. CASE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The negligence charged in the first count of the declaration, the only count under which any evidence was offered, was that the defendant negligently, etc., "failed to maintain on said mangle machine a proper safeguard to the rollers of said machine, which safeguard it was possible to maintain," by reason whereof plaintiff was injured, etc. The only evidence tending to support this count was the testimony of a witness that he had once seen upon a Crawford mangle a brass pipe, placed half an inch in front of the steam chest and half an inch from the surface of the cylinder as aforesaid, to prevent the hand or arm of the feeder passing between the cylinder and the steam chest. No such guard, or guard of any kind was ever on a mangle

of the defendant, nor so far as appears from the evidence, was ever used upon any Crawford mangle, save on the single occasion testified to by the witness. Under the rule laid down by the Supreme Court in Chicago & Eastern Ill. R. R. Co. v. Driscoll, 176 Ill. 330, there could be no recovery in this case for a failure to have a guard or guard rail on the mangle.

But even if there was evidence from which the jury might find that the failure of the defendant to have a guard on the mangle amounted to and was negligence, still the plaintiff could not recover in this case. The danger to be apprehended and avoided by one engaged in feeding the mangle in question was, that in placing articles on the cylinder the hand of the feeder might be drawn between the cylinder and the steam chest and thereby be crushed, and burned. This danger was obvious and apparent to appellee, was incident to her employment and was assumed by her as one of the ordinary risks of the service. Jones v. Roberts, 57 Ill. App. 56, and cases there cited.

The mangle was in the same condition on the day of the injury that it had been during the four months in which appellee had been engaged in feeding it. Nothing unusual occurred immediately before the accident, and the accident could only have occurred by appellee permitting her hand to remain so long on the cylinder that it was carried to the steam chest. This could have happened only through the carelessness or inattention of appellee and such carelessness or inattention was such negligence on her part as to prevent a recovery. Beidler v. Branshaw, 200 Ill. 425; C. & E. I. R. R. Co. v. Heerey, 203 Ill. 492.

The judgment of the Circuit Court will be reversed with a finding of facts.

                                          *Reversed.*