**Ralph Gordon, Appellee, v. P. H. Murphy, Appellant.**

1. Master and servant—*what not obligation of former.* The law does not require that the master should use all of the most approved attachments to his machinery.

2. Master and servant—*what essential to recovery by latter.* "The servant, in order to recover for defects in the appliances of the business, is called upon to establish three propositions: First, that the appliance was defective; second, that the master had notice thereof, or knowledge, or ought to have had, and third, that the servant did not know of the defect and had not equal means of knowing with the master."

Appeal from the City Court of East St. Louis; the Hon. MORTIMER MILLARD, Judge, presiding. Heard in this court at the March term, 1911. Reversed. Opinion filed November 11, 1911.

WISE, KEEFE & WHEELER, for appellant.

F. C. SMITH, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

In this case the appellee recovered a judgment against the appellant in the City Court of East St. Louis, Illinois, for two thousand dollars; from which judgment the appellant prosecutes this appeal. There was an appeal from a former trial of this case to this court, and disposed of at the August Term, 1910, to which opinion we now refer for a full and complete statement of the facts and the principles of law applicable to and controlling the rights of the parties herein. See Gordon v. Murphy, 157 Ill. App. 86.

Upon the former hearing of this cause the judgment was reversed and remanded, and upon remandment an additional count was filed by appellee. At the former trial the judge of the City Court excluded the evidence as to the first and second counts of the declaration, and there being no cross errors assigned the case was heard by this court upon the evidence and the third, fourth and fifth counts of the declaration.

The evidence in the record now before this court is, so far as we can discover, substantially the same as the evidence in the former record. Indeed, counsel for appellant says, "as we have already said, there is no difference between the case now, as it appears from the record, and the case as it was presented to this court at a former trial, except the additional count that the machine was defective and would repeat. The case was tried upon the same declaration and the same witnesses who testified at the former trial;" and this

statement is not challenged by counsel for appellee in his brief or argument.

Upon this trial in the City Court the judge did not exclude the evidence as to the first and second counts of the declaration, so we now have to consider the evidence as applicable to the first, second and additional counts of the declaration.

The first count charges, "that the defendant negligently allowed a certain machine used for pressing caps to be in a defective, loose, improperly adjusted and unsuitable position for the use made of it, which the defendant knew and the plaintiff did not know."

The second count charges, that the defendant negligently provided a certain machine used for pressing corner caps; that it was operated by a belt, wheel, cogs, pulley and pedal, and which should have been provided with an appliance to lift and push corner caps from under the die without the necessity of a person using his hands. That the plaintiff was unaware of this defective condition of the said machine, and the defendant knew the same. That plaintiff inexperienced and endeavoring to operate said machine, and not being instructed in the work, and ordered to hurry up his work and make the machine go faster, while attempting to obey the order, and exercising due care for his own safety, had his right hand crushed.

As to the former of these counts, there is no evidence disclosing the defects complained of in the machine, and certainly none that the defendant knew of, or could have known by reasonable diligence. The only defect in this machine, as appears from the evidence, if any, is that set out in the additional count which will be discussed hereafter.

As to the latter of the two counts there is no evidence that this machine should have been provided with an appliance to lift and push the corner caps from under the die, or that any such attachments were made or used in connection with machines of this description.

The law, however, does not require that the master should use all of the most approved attachments to his machinery.    Allen v. Western Electric Co., 131 Ill. App. 118; Pennsylvania Co. v. Backes, 133 Ill. 255.

The further questions, made by this count, of the plaintiff's want of knowledge of the defective condition of the machinery and his inexperience, were disposed of by the former opinion rendered by this court in this case.

We do not think that it is seriously contended by counsel for appellee that there was in fact any proof of the negligence charged in these two counts, but after the case was reversed the appellee took leave to amend his declaration and did file an additional count upon which he now claims to base his right of recovery. The additional count charges, that the plaintiff "was required, in the discharge of his duties, to operate a certain machine by means of a pedal, and to press certain galvanized caps, the upper die moving only when the foot touched the pedal, but the defendant allowed the machine to be in a defective condition, and ordered the plaintiff to operate the same in such condition; that in that condition the upper die would descend without a person placing his foot on the pedal, which rendered the machine dangerous and unsafe to operate, which the defendant knew and the plaintiff did not know." Before entering upon the discussion of this count, we would refer the reader to the former decision of this court in this case where it is held that the manner of operating this machine was simple, that it did not require any particular knowledge but simply a knowledge of how to operate the pedal when the hand was not between the dies; that the appellee was fully cognizant of the dangers of operating the machine and was conversant with the manner of its operation, and that he did not need any instructions, and that the appellee assumed the risk, as disclosed by the evidence, and as applied to the counts of the declaration then under consideration.

The court in reversing the case says, "There is some evidence tending to show the upper die would descend at times without pressing the pedal but there is no count in the declaration which such evidence supports;" and we presume that the additional count was filed by reason of such statement in the opinion. There is no charge in this count of the declaration of any particular defect in the machinery, but that it was defective in its operation from some unknown cause; that it would descend without a person placing his foot on the pedal. There is some evidence tending to show that the hammer had at three different times while being operated by witness Powel dropped without placing the foot upon the pedal and had at one time on the morning of the day of the injury dropped while the plaintiff was operating it without placing his foot upon the pedal. The evidence, however, upon these occasions is not very satisfactory but in the view we take of the case we think it is wholly immaterial, for there is no claim made by either Powel or the plaintiff that they ever gave the appellant any notice of this fact or that the attention of appellant's superintendent was ever called to it. We think the evidence shows that the machine was a new one and operated well, except as to these four times that the hammer may have dropped without touching the pedal. The superintendent and the appellee both state that he was frequently about the machine and saw it operated, and the superintendent claimed that so far as he could see it was operating all right, and there is no pretense upon the part of the plaintiff that the machine did not operate all right when the superintendent was present, and we think that the evidence fails to disclose that the appellant knew or by the exercise of reasonable diligence could have known of the hammer dropping without touching the pedal. Upon the contrary it appears from the former opinion of this court that the appellee had practical experience and knowledge of the working of this and kindred machines, and that he knew

and appreciated the dangers liable to ensue from the dropping of the hammer without first placing the foot upon the pedal. And even if it be conceded that the hammer had dropped as claimed, it certainly cannot be said that the appellant was aware of it but the appellee himself admits that he knew it and continued to work with the machine after having knowledge of the fact that the hammer dropped without touching the pedal with the foot.

As we view the evidence in this case we do not think that the appellee has brought himself within the rule laid down in the case of Goldie v. Werner, 151 Ill. 551, where the court says:

"The servant, in order to recover for defects in the appliances of the business is called upon to establish three propositions: First—That the appliance was defective; Second—That the master had notice thereof, or knowledge, or ought to have had; Third—That the servant did not know of the defect and had not equal means of knowing with the master."

We think appellee has failed to prove at least two of these propositions as above stated; that he is not entitled to recover in this case, and the judgment should be reversed with a special finding of facts; and we find that the appellee had knowledge of and appreciated the dangers of operating the machine in question; that the defective operation, if such there was, was known to the appellee and that it was not known to the appellant, and could not have been ascertained by reasonable diligence; and the judgment is reversed.

*Judgment reversed.*